JOHN BIGELOW vs. DOLLY ANN BEMIS.

Since the General Statutes went into effect, repealing *St.* 1855, *c.* 283, no action can be sustained against an administrator, who was appointed and gave bond subsequent to the enactment of *St.* 1852, *c.* 294, to recover a debt due from his intestate, unless commenced within two years from the time when he gave bond; whether the cause of action accrued before or since the enactment of *St.* 1852, *c.* 294.

CONTRACT against the administratrix of the estate of Lewis Bemis, deceased, for money had and received. The writ was dated October 24, 1860.

It was agreed, in the superior court, that a portion of the money mentioned in the declaration was received by Lewis Bemis prior to June 19, 1852, when *St.* 1852, *c.* 294, went into effect; that he died on the 8th of November 1856, which was within six years of the time when the whole of the plaintiff's demand accrued, and the defendant was duly appointed as administratrix of his estate, and gave bond on the 20th of December 1856. Upon these facts, *Morton,* J. ordered judgment for the plaintiff, and the defendant appealed.

*D. Foster,* for the defendant.

*F. H. Dewey,* for the plaintiff.

BIGELOW, C. J. There can be no doubt that so much of the claim of the plaintiff as accrued after the enactment of *St.* 1852, *c.* 294, § 1, is barred by the statute of limitations. Inasmuch as more than two years had elapsed, after the administratrix had

given bond for the faithful performance of her trust, before the commencement of the present action, and as letters of administration on the estate of the deceased were granted to her after the passage of *St.* 1852, *c.* 294, the case comes within previcus decisions of this court, so far as to bar the plaintiff's right to recover on that part of the cause of action which accrued subsequent to the enactment of that statute. *King* v. *Tirrell*, 2 Gray, 331. *Hildreth* v. *Marshall*, 7 Gray, 169. We think it equally clear, that the residue of the plaintiff's claim, being for money received by the intestate prior to *St.* 1852, *c.* 294, is also barred. This part of the plaintiff's demand would have been saved by *St.* 1855, *c.* 283, which expressly provided that the previous statute, prescribing a limitation of two years to claims against the estate of deceased persons, should not apply to any debt which had accrued or existed prior to its passage. But this saving provision is expressly repealed by Gen. Sts. *c.* 182. The effect of this repeal was to put all claims against the estates of deceased persons on an equal footing, so that the statute bar should be uniform and apply to all debts alike, whether the cause of action accrued before or after the enactment of *St.* 1852, *c.* 294, if administration was granted and the bond given subsequently to the passage of that act.

It is well settled that it is competent for the legislature to change statutes prescribing a limitation to actions, and that the one in force at the time of suit brought is applicable to the cause of action. The only restriction on the exercise of this power is, that the legislature cannot remove a bar or limitation which has already become complete, and that no new limitation shall be made to take effect on existing claims, without allowing a reasonable time for parties to bring actions before their claims are absolutely barred by a new enactment. *Battles* v. *Fobes*, 18 Pick. 532, and 19 Pick. 578. *Wright* v. *Oakley*, 5 Met. 400, 410. *Willard* v. *Clarke*, 7 Met. 437. *Brigham* v. *Bigelow*, 12 Met. 268. *Darling* v. *Wells*, 1 Cush. 509. In the present case, the plaintiff had a reasonable and sufficient time to bring his action after the enactment of the General Statutes, on the twenty-eighth day of December 1859, and the time when they took effect and the

42 *

repeal of *St.* 1855, *c.* 283, went into operation, on the first day of June following. *Smith* v. *Morrison,* 22 Pick. 432.

It was urged by the counsel for the plaintiff, that the plaintiff's right of action was saved by Gen. Sts. *c.* 181, § 4, which provides that the repeal of the previously existing statutes shall not affect any right accruing, accrued or established, or any suit or proceeding had or commenced in a civil case before the repeal took effect. But this provision is inapplicable to the case at bar. Taken in connection with § 7 of the same chapter, it is clear that it was not intended to touch cases where the period of limitation was changed by General Statutes. This was decided in giving a construction to similar provisions in the Revised Statutes, and the reasoning of the court in those cases is equally applicable to the above cited provisions of the General Statutes, and decisive of the objection raised by the plaintiff. *Wright* v. *Oakley,* 5 Met. 411. *Brigham* v. *Bigelow,* 12 Met. 268.

*Plaintiff nonsuit.*