[No. 11712. In Bank. — October 28, 1887.]

## THE CITY AND COUNTY OF SAN FRANCISCO, APPELLANT, *v.* NICHOLAS LUNING, RESPONDENT.

TAXATION — ACTION TO RECOVER DELINQUENT TAXES — JUDGMENT — LIEN — STATUTE OF LIMITATIONS. — An action brought by the city and county of San Francisco, under the act of April 23, 1880, to recover a personal judgment for delinquent taxes, is not an action on a judgment or to foreclose a lien, within the meaning of sections 3716 and 3717 of the Political Code. Such an action is barred by the statute of limitations, when commenced more than seven years after the cause of action accrued.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*J. P. Bell,* and *Louis H. Sharp,* for Appellant.

*Sidney V. Smith & Son,* for Respondent.

McFARLAND, J. — It is averred in the complaint that "defendant is indebted to plaintiff" in a certain sum of money for city and county taxes, with certain penalties for non-payment, and interest at a certain rate per month from the fifth day of August, 1874; and further, that "defendant is also indebted" in a certain other sum of money for state taxes, with like penalties and interest from the sixth day of January, 1876. And judgment is prayed for said several sums with interest and costs.

Defendant filed a demurrer by which, in addition to the general ground of demurrer, he also pleads that the alleged cause of action is barred by the provisions of sections 338, 339, and 343 of the Code of Civil Procedure. The demurrer was sustained, and plaintiff declining to amend, judgment was rendered for defendant. From this judgment plaintiff appeals.

The sections of the Code of Civil Procedure from 335 to 348 inclusive, being chapter 3, title 2, part 2, prescribe the period within which "actions other than for the recovery of real property" may be commenced. Section 338 provides that "an action upon a liability created by statute" must be commenced within three years. Section 339 provides that "an action upon a contract, obligation, or liability, not founded upon an instrument in writing," must be commenced within two years. Section 343 is as follows:—

"Sec. 343. An action not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." And section 345 provides that "the limitations prescribed in this chapter apply to actions brought in the name of the state, or for the benefit of the state, in the same manner as to actions by private parties."

The complaint in this case was filed April 25, 1883, — more than seven years after the cause of action accrued. The action is, therefore, certainly barred by one of the sections above quoted, unless there be some principle of law, or some other statutory provision, by which it is taken out of the operation of said section.

1. The rule that statutes of limitation do not apply to the state, according to the maxim, *Nullum tempus occurrit regi,* has no force here in face of section 345, above quoted.

2. Appellant also relies on section 3716 of the Political Code, which provides as follows: " Sec. 3716. Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all property of the delinquent; the judgment is not satisfied, nor the lien removed, until the taxes are paid or the property sold for the payment thereof." Also upon section 3717, which provides that " every tax due upon personal property is a lien upon the real property of the owner thereof from and after 12 o'clock, M., of the first Monday in March in each year." But this is not an action upon a judgment, or to enforce a lien. It is possible that there is a subsisting judgment, or lien for the taxes sued for, which the tax collector may enforce by sale in the usual way. It is possible an action might lie upon the tax as a judgment, or to enforce the lien. It is possible, also, that there is a lien without any provision for its enforcement, in which case it is simply a right without a remedy. But this is merely an action to recover a personal judgment upon the original tax itself (which, by the way, is averred to be an *indebtedness*). The action was brought under the act of April 23, 1880 (Stats. 1880, p. 136); but although taxes are usually collected in this state in a summary manner, there are several other statutory provisions about actions for taxes, and in none of them is it indicated that the action is deemed

to be an action upon a judgment, although, in one particular instance only, it is provided that the board of equalization may "direct the *foreclosure of the lien* of such tax by action, which proceeding is hereby authorized to be had." (Pol. Code, sec. 3812.) This last provision shows that there is a clear distinction intended between an action for the foreclosure of a lien, and an ordinary suit, such as is provided for in sections 3898, 3899, and 3900, of the Political Code, and in the act of 1880, under which this suit was brought. And it will be observed that in the case provided for in section 3900, a general writ of attachment must issue, as in an ordinary civil action. It would seem clear, therefore, that a suit merely to recover taxes against a defendant personally is not an action upon a judgment, or an action to foreclose a lien. The point upon which this case turns was elaborately argued and considered in *State of Nevada* v. *Y. I. S. M. Co.*, 14 Nev. 220. The provisions of the statute of limitations were the same there as here. With respect to taxes, the statute of Nevada made a tax a lien on the property indefinitely until it was paid, but did not designate it as a "judgment." The court, after a thorough examination of the questions presented, held that the action to recover the taxes was barred by the statute of limitations, even though the lien might not be considered as removed. And the difference above indicated between the statute of that state and this does not make the principle upon which that case was decided inapplicable to the case at bar.

Judgment affirmed.

SEARLS, C. J., SHARPSTEIN, J., and McKINSTRY, J., concurred.