[L. A. No. 31. In Bank.—December 1, 1896.]

## THE CITY OF SAN DIEGO, APPELLANT, *v.* T. J. HIGGINS ET AL., RESPONDENTS.

MUNICIPAL TAXES—LIMITATION OF ACTION.—An action to recover municipal taxes, and to enforce the lien thereof, is subject to the limitation of subdivision 1 of section 338 of the Code of Civil Procedure, respecting an action upon a liability created by statute, and is barred in three years after the right of action accrued.

ID.—EFFECT OF TAX AS JUDGMENT.—Where a tax has the force of a judgment, an action commenced thereon more than five years after the right accrued, is barred by limitation, though the judgment is not thereby satisfied.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. TORRANCE, Judge.

The facts are stated in the opinion of the court.

*William H. Fuller,* City Attorney, *Clarence L. Barber, H. E. Doolittle,* and *T. L. Lewis,* for Appellant.

The period prescribed by sections 336, 338, 339, and 343 of the Code of Civil Procedure have no application to the tax lien created by the provisions of sections 3716, 3717, and 3718 of the Political Code. (Code Civ. Proc., sec. 312; *Lewis* v. *Rothchild*, 92 Cal. 625; *County of Los Angeles* v. *Ballerino*, 99 Cal. 595; *San Francisco* v. *Luning*, 73 Cal. 610.)

*McDonald & McDonald*, for Respondents.

The alleged cause of action is barred by sections 336, 338, 339, and 343 of the Code of Civil Procedure. (*State* v. *Yellow Jacket etc. Min. Co.*, 14 Nev. 220; *San Francisco* v. *Jones*, 20 Fed. Rep. 188; *San Francisco* v. *Luning*, 73 Cal. 610; *County of Los Angeles* v. *Ballerino*, 99 Cal. 593.) Sections 3716 and 3717 apply only to state and county taxes, under any construction as to the scope and operation of said sections; they do not and cannot extend indefinitely the provisions of the statute of limitations above specified. (*San Francisco* v. *Luning, supra; San Francisco* v. *Jones, supra; State* v. *The Yellow Jacket etc. Min. Co., supra; County of Los Angeles* v. *Ballerino, supra.*) Sections 3716 and 3717 prescribe no limitation, they simply create a lien that endures until it is satisfied. Whether the lien could be foreclosed or enforced by action or otherwise, was wholly irrelevant and immaterial, for the remedy by action being barred would neither pay the tax debt nor extinguish the lien therefor. (*State* v. *Yellow Jacket etc. Min. Co., supra; McCormick* v. *Brown*, 36 Cal. 180; 95 Am. Dec. 170; *Sichel* v. *Carrillo*, 42 Cal. 493; *Booth* v. *Hoskins*, 75 Cal. 271; *Brandt* v. *Thompson*, 91 Cal. 458.)

HENSHAW, J.—Appeal from the judgment entered after demurrer sustained, plaintiff having declined to amend.

The action was for the recovery of four hundred and eighty-three dollars and forty-six cents, being the amount of municipal taxes levied by the plaintiff upon the property of defendant Higgins, for the year 1887,

with interest at the rate of two per cent a month, from January 1, 1888. A personal judgment against the defendant Higgins is asked, and it is also sought to subject the property to the lien of the taxes, principal, interest, penalties, and costs. The complaint was filed December 12, 1894.

Of the several grounds of demurrer urged against the complaint, that which presents the question whether or not the action is barred by the statute of limitations is the only one which need be considered.

On behalf of the demurrant it is claimed that plaintiff's right of action is barred by section 338 of the Code of Civil Procedure. For the complaint it is insisted that sections 3716, 3717, and 3718 of the Political Code, together with section 312 of the Code of Civil Procedure, provide a limitation for the commencement of actions such as this. other and different from that contemplated by section 338 of the Code of Civil Procedure.

Under the latter section this action, having been commenced more than three years after the right of action accrued, is clearly barred. Under appellant's claim there is no limitation of time fixed for the ˙commencement of such'an action, and it may therefore be prosecuted after the lapse of any number of years.

This latter contention derives some support from the language of *Lewis* v. *Rothchild,* 92 Cal. 625, where it is said: " We think a different limitation is prescribed by section 3716 of the Political Code, as to liens created by title IX of that code, from that prescribed anywhere in title II of the Code of Civil Procedure." But this language is to be read in the light of the facts of the case. The action was to recover a deposit made upon the purchase price of a piece of land. The contract of purchase and sale provided for a return of the deposit, and a vacation of the contract if a valid lien was found to exist upon the property, and was not removed by the vendor within a designated time. The lien in controversy was one for unpaid taxes, delinquent more than

four years before the date of the agreement. This court was only called upon to declare whether or not such a lien was still a valid subsisting lien, and it held that it was under the terms of section 3716 of the Political Code. The question of the enforcement of such a lien after the lapse of three years was not before the court at all. It might be, as suggested in *San Francisco* v. *Luning*, 73 Cal. 610, that the lien existed "without any provision for its enforcement, in which case it is simply a right without a remedy."

In the latter case the action was brought to recover a personal judgment only against defendant; it being pleaded that he " was indebted to plaintiff " in a certain sum for taxes. The opinion, therefore, properly holds that the action is not one upon a judgment, or to enforce a lien, and that, being a suit for the recovery of a personal judgment, the right of action was barred by the statute of limitations. The opinion, however, cites and considers with approval the case of *State* v. *Yellow Jacket etc. Min. Co.*, 14 Nev. 220, which was an action identical with the one at bar in seeking to foreclose tax liens upon assessed property. The difference between our statutes and those of Nevada lies in the single fact that it is not declared by the Nevada law that a tax has the effect of a judgment. While recognizing this distinction, it is held in *San Francisco* v. *Luning, supra*, that the difference does not render the principles laid down in the Nevada case inapplicable under the laws of this state.

In *Nevada* v. *Yellow Jacket etc. Min. Co., supra*, the court said: "All that can be claimed under the statute is that the lien created continues indefinitely, or until the tax is paid, or the property is sold under tax sale. Does that fact establish what is claimed, that the remedy to enforce collection by suit is barred?" After elaborate consideration the conclusion arrived at is thus succinctly stated: " This, then, is our case upon the question under discussion. A statutory lien is created, which still exists, but which cannot be enforced, nor

can judgment be obtained against either of the defend-
ants without this or a similar action, which is barred
by the statute."

The case of *San Francisco* v. *Jones,* 20 Fed. Rep. 188,
was an action to recover a personal judgment for taxes,
but the language of Sawyer, J., in discussing the ques-
tion of a lien, is of value in this consideration. After
citing the provisions of our Political Code, the court
says:

"Under these and other provisions of the Political
Code no action is necessary to collect a valid tax. But
it is claimed that these provisions take the case of an
action under the statute to recover a tax out of the stat-
ute of limitations. In the case already cited the su-
preme court of Nevada, on a similar statute, decided
otherwise, and we think correctly. . . . . The lien is
but an incident to the tax—the money due—and, like
the case of a mortgage, when an action to recover the
debt is barred, the suit to enforce the lien is also barred.
This has long been the settled doctrine in this state in
relation to a mortgage. Neither the debt nor the lien
is extinguished in the case of a mortgage, in any other
sense than in the case of a tax, and the statutory lien
incident to it. The remedy by action is barred, what-
ever the case may be as to other remedies. . . . . We
see no good reason, at this day, and under our laws for
the levy and collection of taxes, for allowing the state
to vex parties with suits for taxes after the lapse of
many years that is not equally applicable to private
parties. The state has officers specially appointed to
attend to these particular duties, and no others, and if
they neglect their duties the state which appoints them,
if anyone, should be the party to suffer. To permit
the state, after a lapse of many years, to recover by suit
taxes allowed to run uncollected, with *five per cent
penalty,* and, in the language of Mr. Justice Swayne,
the '*most devouring rate*' of *two per cent per month in-
terest,* would be to inflict unendurable oppression."

*Los Angeles* v. *Ballerino,* 99 Cal. 593, was an action

identical in nature with the one at bar. It was sought to recover from defendant taxes levied and assessed upon his property, and to enforce a lien upon that property for their payment. The action was brought more than two years but less than three years after the right of action had accrued. Defendant urged that it was barred by subdivision 1 of section 339 of the Code of Civil Procedure. The court said: "This, however, is not such an action, but is one which arises upon a liability created by statute, other than a penalty or forfeiture, within the meaning of section 338 of the same code." (Citing *San Francisco* v. *Luning, supra; San Francisco* v. *Jones, supra; Lewis* v. *Rothchild, supra; State* v. *Yellow Jacket etc. Min  Co., supra.*)

It is true that in none of these cases, saving that from Nevada, has the question under consideration been the subject of direct adjudication, but it is none the less clear that this court has repeatedly expressed its approval of the reasoning and conclusion reached in *State* v. *Yellow Jacket etc. Min. Co., supra,* and *San Francisco* v. *Jones, supra.*

But in *People* v. *Hulbert,* 71 Cal. 72, a question identical in principle, though not in form, was decided by this court in accordance with the foregoing views, and upon the authority of the above-named cases. The action was to foreclose a lien upon defendant's land under an assessment by a district for the reclamation of swamp and overflowed lands. The defendant demurred, upon the ground that the cause of action was barred by subdivision 1 of section 338 of the Code of Civil Procedure.

The reclamation act provided (Pol. Code, sec. 3463) that from and after the filing of the list, or certified copy thereof, the charges assessed upon any tract of land within the county constitute a lien thereon. There is, however, no vital distinction between this language and that employed in section 3716 of the Political Code, which declares that the lien is not removed until payment of the tax; for, as is said in *State* v. *Yellow Jacket etc.*

*Min. Co., supra:* " Had the statute created the lien without providing for its continuance until the tax should be paid, the result would be the same—the lien would have continued, when once created, until payment, or until the repeal of the statute creating it." This would be true in the absence of a statute to the contrary. (Code Civ. Proc., sec. 2911.)

In sustaining the demurrer this court declared that the cause of action was barred by section 338, subdivision 1, of the Code of Civil Procedure.

As to the single feature in which our code provisions differ from the Nevada law, namely, in providing that every tax has the effect of a judgment against the person which shall not be satisfied until the tax is paid, it may be said that this action does not purport to be one upon a judgment. Conceding (though not deciding) that an action under section 3716 of the Political Code might be commenced as upon a judgment, and that this complaint is a sufficient pleading of such a cause of action, still this proceeding could not be maintained. For it was commenced more than five years after the right accrued. (Code Civ. Proc., sec. 336, subd. 1.) In the case of every judgment where no action is commenced upon it within five years, the judgment is not thereby satisfied, but the right to enforce its satisfaction by suit is barred.

It has been assumed throughout this discussion that the provisions of the Political Code relating to the lien of taxes (Pol. Code, secs. 3716–18) are applicable to those levied for municipal purposes. Whether or not this be so is not here decided. The point is not presented by counsel, and it is unnecessary to this decision. For clearly if those provisions be not applicable to municipal taxes appellant's cause of action is barred.

It follows, therefore, that the cause of action sought to be prosecuted is barred by section 338, subdivision 1, of the Code of Civil Procedure, and that the demurrer thereto was properly sustained.

The judgment is affirmed.

McFARLAND, J., GAROUTTE, J., VAN FLEET, J., and HARRISON, J., concurred.

TEMPLE, J., dissenting.—I do not agree with the conclusion reached by the court in this case. The action is for the recovery of a municipal tax. It is sought to recover a personal judgment and to subject the property of the defendant to a lien for the recovery of the tax. It seems to be admitted that the action is well brought, unless the right of action is barred by section 338 of the Code of Civil Procedure. The court holds that such right is barred because the action was not commenced within three years.

Section 3716 of the Political Code reads as follows: "Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all property of the delinquent; and the judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof."

It is decided that not only has the statute run against the right to maintain a personal action, but against the right to foreclose the lien as well. At the same time the code provision is construed to mean that the lien continues until the taxes are paid or the property has been sold for the payment thereof. It is held that the statutory lien continues and will never become barred, but that there is now no mode in which the tax can be collected or the lien foreclosed. The lien is said to constitute a right without a remedy. It is not that the law has not provided a mode for the foreclosure of the lien, but that by reason of the bar of the statute the tax cannot be collected at all, through a sale of the property upon which it constitutes a lien or otherwise.

What is meant, under such circumstances, by saying that the lien continues after the right to collect the tax from the property in any mode has ceased, I am unable to comprehend. A lien is necessarily an incident to an obligation, and the purpose is to secure performance.

When it ceases to be security for such performance it has ceased to exist. If it could continue it would not be a right without a remedy, but a remedy without a right—redress when there was nothing to redress. Of course, as it is always an incident, it must fall with the principal, although the converse does not follow.

As an example of a right without a remedy, reference has been made to cases in which the right to a personal action is barred while there is still a right to foreclose a lien given to secure it. An unfortnnate reference, for the point in all such cases is that the obligation may be enforced by foreclosing the lien. It is also said that the bar of the statute does not extinguish the debt but only bars the remedy. This too is error. As a legal obligation a debt is extinguished by the bar of the statute. It continues to exist only as a *moral* obligation which is sufficient consideration for a new contract. In the cases above alluded to, in which it was held that a suit would lie to foreclose a mortgage, although the note was barred, the note and mortgage were regarded as distinct obligations or agreements to pay the same debt. The doctrine was sometimes based upon the fact that the mortgage was under seal and the note was not, and different periods of limitation were prescribed, and sometimes on the claim that the limitation did not apply to courts of equity. Sometimes, too, it may be, because title passed by the mortgage to the mortgagee, and courts would not enforce a right to redeem until the debt was paid, on the principle that he who seeks equity must do equity. On the same principle this court has refused to compel the satisfaction of a mortgage by a mortgagee after the mortgage had become barred—not that there is a subsisting lien, but because the court will not grant affirmative relief in violation of the maxim above alluded to.

At common law a lien was simply a right to retain possession until an obligation was performed. In equity a lien might be a right to sell certain property for the payment of a debt, or an amount falling due

upon the nonperformance of an obligation. The lien could exist without possession, and be enforced by foreclosure and sale. A lien may arise in various ways. It is always a charge upon property, and when there ceases to be a charge there can be no lien. (See Code Civ. Proc., sec. 1180.) It is security for the performance of an obligation, and, when the obligation ceases to be, it is a contradiction in terms to say that the lien exists. Therefore, if it be conceded, as it is in the leading opinion, that the effect of the section of the code above recited is that the lien is never barred, it must follow that the obligation to pay the tax is not barred.

What is the lien of a tax? It is the right to collect the amount of the tax from the property. This right does not merely result from the lien—it is the lien. To say that the lien continues, but cannot be enforced in any mode, is to say that the right to collect the tax from the property continues and is not barred, yet the right to collect the tax from the property is wholly barred. It is a contradiction in terms.

What I have said is upon the theory that section 3716 is correctly construed as providing that the lien shall never be barred by the statute. That section makes the lien a judgment lien, and, I think, plainly the judgment and lien go together. If the section is to be understood as providing that the lien continues without regard to limitation until the tax is paid, it must also be understood as providing that the judgment continues. It as emphatically declares that the judgment is not satisfied as it does that the lien is not removed. Perhaps it was merely intended to say that no change in the property or its ownership should affect the lien, and no officer or board could satisfy the judgment or remove the lien. It might mean all this and have no reference to any limitation.

If it be material to hold that the action is based upon the judgment, I think it should be held this action is

an action upon the judgment. When facts are averred which show the existence of a tax it also shows a judgment, for that is the judgment.