[L. A. No. 582. Department One.—January 30, 1900.]

MARY T. DRANGA et al., Respondents, v. JANE L. ROWE et al., Defendants. CITY OF SAN DIEGO, Appellant.

QUIETING TITLE TO CITY LOTS—DEFENSE OF CITY—CLAIM OF TAXES—STATUTE OF LIMITATIONS.—In an action to quiet title to city lots, a defense of the city setting up a claim for taxes assessed and levied more than three years prior to the commencement of the action, and demanding their payment as a condition of plaintiff's recovery, is barred by the statute of limitations.

ID.—INVALID ASSESSMENT AND LEVY OF TAXES — REINCORPORATION OF CITY.—To be valid, the assessment and levy of taxes must be made strictly as provided by law. In a city reincorporated under a lower class, the assessment, equalization, and levy of taxes must be made as provided for cities of such lower class,

and, if made for the year of reincorporation, as differently provided for cities of the class under which the city was originally incorporated, they are invalid and void.

Id.—Action to Determine Adverse Claim—Void Claim of Defendant—Construction of Code—Inapplicable Rules of Equity.—The rule that equity will require a plaintiff to do equity, by paying such taxes as ought equitably to be paid, as a condition of enjoining a tax sale, and that equity will not cancel a void tax deed, which cannot amount to a cloud upon title, are inapplicable to an action under section 738 of the Code of Civil Procedure to determine an adverse claim, in which action plaintiff is entitled to judgment, if there is a disclaimer, or if the answer shows no legal defense, and the objection that the adverse claim of the defendant is void upon its face is not available.

APPEAL from a judgment of the Superior Court of San Diego County.  E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

H. E. Doolittle, City Attorney, and T. L. Lewis, Deputy City Attorney, for Appellant.

Withington & Carter, for Respondents.

VAN DYKE, J.—This is an action to quiet title to certain lots in the city of San Diego.  The defendants, other than the city, defaulted.  In the amended answer of the city it is alleged that on April 18, 1887, the said city was reincorporated as a city of the fourth class, under the provisions of the act of 1883 providing for the incorporation and government of municipal corporations, and that prior to that date had been a city of the fifth class.  That between the first day of May, 1887, and the first day of August of said year the assessor of said city made an assessment for the fiscal year 1887 on the property in said city, including the lots in suit, and the same were assessed to one George M. Wetherly, who was then the owner thereof, and was such owner during the whole of said year.  That on the 18th of October, 1887, the board of equalization of said city equalized said assessment made by the assessor aforesaid, and that the board of trustees of said city thereupon, on said date, fixed the rate and levied the taxes in said city for municipal purposes for said fiscal year, and that said taxes so levied on the said lots, including improvements, amounted to the sum of one

hundred and sixty-five dollars and ninety-nine cents, which taxes, together with interest and penalties, it is alleged, have not been paid, or any part thereof; and it is asked in said answer that no decree be rendered quieting the title of plaintiffs to said property except on condition that all said city taxes assessed against said property for the year 1887 be paid. Demurrer was interposed to said amended answer on the grounds: 1. That it does not state facts sufficient to constitute a defense to plaintiff's cause of action; and 2. That the defense is barred by the provisions of the Code of Civil Procedure (referring to sections 336, 338-40, 343).

The court sustained the demurrer, and, said defendant having elected to stand upon said amended answer, the court gave judgment for plaintiffs, from which judgment this appeal is taken.

In *San Diego v. Higgins*, 115 Cal. 170, it is held that an action to recover municipal taxes or enforce the lien thereof is subject to the limitations respecting an action upon a liability created by statute, and is barred in three years after the right of action accrues. It is stated in the respondent's brief, although it does not appear in the record, that the case referred to involved, among other property, that claimed by the plaintiffs in this action, which then belonged to said Higgins; however that may be, it seems clear that under the rule laid down in said case the taxes in question, if valid when levied, could not now be enforced by said city.

The act of 1883, in reference to municipal corporations, requires that as to the fourth class the assessment shall be made between January 1st and April 1st in each year, whereas the answer shows that the assessment was made between May 1 and August 1, 1887. The law also requires, as to cities of the fourth class, that the levy shall be made on the first Monday in May of each year, whereas the answer shows that it was made on October 16, 1887; in other words, it appears that the assessment, equalization, and levy were all made under the law pertaining to cities of the fifth class, instead of cities of the fourth class.

To be valid the assessment and levy must be made strictly as provided by law.

"All proceedings in the nature of assessing property for the purpose of taxation, and in levying and collecting taxes thereof, are *in invitum*, and must be *stricti juris*." (*Weyse v. Crawford*, 85 Cal. 196.)

"A tax is a charge upon persons or property to raise money for public purposes. It is not founded upon contract; it does not establish the relation of debtor and creditor between the taxpayer and state. . . . . It owes its existence to the action of the legislative power, and does not depend for its validity or enforcement upon the individual assent of the taxpayer." (*Perry v. Washburn*, 20 Cal. 318.)

The record in this case shows that the assessment and levy made by the city of San Diego for the year 1887 were not made as directed by law, and hence such assessment and levy are invalid and void.

It is claimed on behalf of appellants that this action is in the nature of a bill in equity, and it is therefore claimed that, although no action will lie to recover the taxes on plaintiff's property for the year 1887, still there is a moral obligation resting upon the plaintiff to pay such taxes, and that upon the maxim that "he who seeks equity must do equity" the plaintiff should pay such taxes before a court of equity will grant relief. The cases cited by appellant are generally in the line of proceedings in equity to restrain the sale of illegal taxes or to cancel a void tax deed.

In such case no relief is necessary, for the reason that the proceedings complained of would not amount to a cloud upon the title.

An action under the code, as this is, is something more than the old proceeding in chancery to remove a cloud or to quiet title, although such action is frequently and perhaps commonly referred to as an action to quiet title. The code declares: "An action may be brought by any person against another, who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." (Code Civ. Proc., sec. 738.) The action may be brought by one out of possession as well as in possession, and in the former case the action would be in the nature of an action at law in ejectment; and, hence (by an amendment to the same section), it is pro-

vided that a party has "the right to a jury trial in any case where, by the law, such right is now given."

In such action the plaintiff is entitled to judgment, although the defendant make a disclaimer, but without costs, the same as in case of default. It would be strange indeed if the plaintiff were entitled to judgment on a disclaimer, and not entitled to judgment where the answer shows no legal defense.

In *Kittle v. Bellegarde,* 86 Cal. 564, the court say: "It is contended that the complaint does not warrant any relief, because it shows that the adverse claims of defendants rest upon proceedings which are void upon their face. But this objection is not available in an action to determine an adverse claim, under section 738 of the Code of Civil Procedure. Such an action may be maintained against a person who claims under a void tax deed. (*Harper v. Rowe,* 53 Cal. 234; *Hearst v. Egglestone,* 55 Cal. 365; *Pearson v Creed,* 78 Cal. 144; *Greenwood v. Adams,* 80 Cal. 74.)"

The judgment is affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.