[L. A. No. 1246.   Department Two.—August 11, 1904.]

## W. H. CLARK, Respondent, v. CITY OF SAN DIEGO, Appellant.

QUIETING TITLE—ACTION AGAINST CITY—DEFENSE—LIEN FOR DELIN-
QUENT TAXES—STATUTE OF LIMITATIONS—EXTINGUISHMENT OF LIEN.
—In an action to quiet title against a city, a defense of a lien for
delinquent taxes cannot be sustained where the right of action for
the collection of the taxes is lost under the statute of limitations.
In such case the lien therefor is extinguished under section 2911
of the Civil Code.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order denying a new trial.  N. H.
Conklin, Judge.

The facts are stated in the opinion of the court.

H. E. Doolittle, City Attorney, for Appellant.

Withington & Carter, for Respondent.

HENSHAW, J.—This is an action to quiet title.  As de-
fenses to the action, defendant pleaded the liens for delinquent
taxes for the years 1890 and 1893, and prayed that the taxes
be decreed valid and subsisting liens upon the property.  Ad-
mittedly, upon the authority of the *City of San Diego* v. *Hig-
gins,* 115 Cal. 170, and *Dranga* v. *Rowe,* 127 Cal. 506, the
right of action for the collection of the taxes according to
the statute of 1880, page 136, is lost.  The court decreed, under
section 2911 of the Civil Code, and upon the authority of
*Dranga* v. *Rowe,* that the lien of the taxes was likewise lost,
and quieted plaintiff's title accordingly.  It is here contended
that a distinction is to be drawn between the case of *Dranga*
v. *Rowe* and the case at bar, since in the former case the
defendant sought affirmative relief that no decree should be
rendered quieting plaintiff's title, except upon payment of
the assessed taxes, whereas, in the case at bar, it is asked
only that the taxes be decreed to constitute subsisting liens.
There is, however, no difference in principle between the cases.
*Dranga* v. *Rowe* was decided upon the theory that the lien

was extinguished, and the trial court was therefore correct in its ruling and decision in the case at bar.

For which reason the judgment and order denying defendant's motion for a new trial are affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.