[Sac. No. 2579. Department One.—June 14, 1918.]

JOHN S. CHAMBERS, as Controller, etc., Respondent, v. MRS. J. S. GIBSON et al., Appellants.

TAXATION—INHERITANCE TAXES—STATUTE OF LIMITATIONS.—The right of action under the act of 1905 (Stats. 1905, p. 374), to enforce the lien of the state against the donees of property claimed to be subject to the inheritance tax imposed by the act of 1903 and amendments thereto, accrued upon the death of the donor of the property, and an action brought more than three years after the death of such owner is barred by subdivision 1 of section 338 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, C. L. Shinn, C. G. Shinn, and Thomas Rutledge, for Appellants.

Robert A. Waring, and J. Paul Miller, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in respondent's favor in a proceeding to recover certain inheritance taxes alleged to be due the state upon certain stock in a corporation known as J. S. Gibson Company, assigned and transferred by J. S. Gibson to the defendants and appellants herein in May, 1906. Said Gibson died on June 14, 1906. The defense to the action was the statute of limitations.

We are unable to perceive any distinction in principle between this case and the case of *Chambers* v. *Gallagher,* 177 Cal. 704, [171 Pac. 931], nor any reason for the application of a different rule than that therein applied. In the briefs of counsel for respondent filed since the decision of that case it is urged that such a distinction is to be found in the fact that in the Gallagher case the action was against the executor of an estate in respect to whom no lien was created by the state upon the property which has passed through his hands, while in the instant case it is contended that by the act of 1905 (Stats. 1905, p. 374), under which the tax is sought to be collected, a lien was imposed upon the property in the hands of the donees of the decedent, and that this is a proceeding to enforce that lien. The fact that the statute imposes such lien does not affect the application of the doctrine laid down in the former decisions, for it is there shown that in analogous cases when the law permits a personal action to be maintained for the collection of taxes upon property, which taxes are also a lien upon such property, the personal liability created by statute for such tax is a cause of action which, under section 338, subdivision 1, of the Code of Civil Procedure, is barred after the expiration of three years from the time when the right of action accrued. The right of action in the present case accrued upon the death of the donor of the property claimed to be subject to this tax and must, therefore, have been commenced within three years thereafter. (*San Diego* v. *Higgins,* 115 Cal. 170, [46 Pac. 923]; *Los Angeles* v.

*Ballerino,* 99 Cal. 595, [32 Pac. 581, 34 Pac. 329] ; *San Francisco* v. *Luning,* 73 Cal. 610, [15 Pac. 311] ; *Lewis* v. *Rothchild,* 92 Cal. 625, [28 Pac. 805] ; *Dranga* v. *Rowe,* 127 Cal. 506, [59 Pac. 944] ; *Clark* v. *San Diego,* 144 Cal. 361, [77 Pac. 973].) Upon the authority of these cases and of *Chambers* v. *Gallagher,* 177 Cal. 704, [171 Pac. 931], the judgment is reversed.

Shaw, J., and Sloss, J., concurred.