[Civ. No. 2639.  Third Appellate District.—November 17, 1923.]

MARY WOODS, Appellant, v. L. C. HYDE, City Treasurer, etc., Respondent.

[1] FILING—PLACING OF FILE-MARK ON PAPERS—MINISTERIAL ACT.— The placing of the file-mark on a paper filed in the office of the county clerk is a ministerial act to be performed by the clerk, and the fact that such file-mark is not indorsed on the paper until a subsequent date does not change the time of filing.

[2] ID.—RECITAL IN JUDGMENT — EVIDENCE — PRESUMPTION. — The recital in a judgment of the fact of filing of a demurrer will be presumed to be correct, in the absence of contradictory proof.

[3] STREET LAW—DELAY IN DEMANDING SALE—MANDAMUS—STATUTE OF LIMITATIONS.—Notwithstanding section 4 of the act of 1893, which provides a system of street improvement and issuance of bonds therefor, provides that the assessment "shall be a first lien upon the property affected thereby, until the bond issued for the payment thereof, and the accrued interest thereon, shall be fully paid," a proceeding in *mandamus* to compel the city treasurer to sell the property covered by a bond issued under that act is barred by the statute of limitations where more than six years has elapsed between the maturity of the bond and the making of the demand to sell the property.

APPEAL from a judgment of the Superior Court of Tulare County.  J. A. Allen, Judge.  Affirmed.

64 Cal. App.—28

The facts are stated in the opinion of the court.

Earl A. Bagby for Appellant.

E. I. Feemster for Respondent.

PLUMMER, J.—The plaintiff and appellant in this action is the owner and holder of a certain street improvement bond number 5, series number 2 of the city of Visalia, of the par value of $117.76, bearing interest at the rate of eight per cent per annum, issued by the city of Visalia, on the twelfth day of April, 1911, covering street improvement work in the city of Visalia under the provisions of an act providing a system of street improvement and issuance of bonds therefor, approved February 27, 1893. The bond in question was given to cover the expenses for street improvement chargeable to lot number 5 of block number 92 in the city of Visalia. The term of the bond was fixed at five years. It was further provided that an even annual proportion of the whole amount due should become payable on the second day of January of each year after date until the whole bond should be paid with all accrued interest. Interest coupon called for semi-annual payment. The bond further provided that should default be made in the annual payment upon the principal or in any payment of interest the holder of said bond should be entitled to declare the whole amount remaining unpaid due and payable and to have said lot advertised and sold as provided by law. Only one payment was ever made on said bond, to wit, the sum of $23.55, covering interest from the twelfth day of April, 1911, until the second day of January, 1912. On the sixteenth day of May, 1922, the plaintiff demanded in writing that the city treasurer, the defendant in this action, proceed to advertise and sell said lot and apply the proceeds of such sale toward the payment of the principal and interest due on the bond held by the plaintiff. The defendant refused to comply with the demand of the plaintiff and thereupon the plaintiff filed her complaint herein praying for an order of the court directing and commanding the defendant to make sale of said property or to show cause upon a certain date why a writ of mandate should not be issued compelling him so to do.

To the plaintiff's petition the defendant demurred on the ground that the plaintiff's cause of action was barred by the provisions of sections 337, 338, and 343 of the Code of Civil Procedure. The trial court sustained the defendant's demurrer without leave to amend. The first point made for reversal in this action is that the demurrer interposed by the defendant was oral and not a written pleading as provided by law. The transcript on appeal shows the following file-marks on the records in said action: Complaint indorsed filed May 22, 1922; order for alternative writ of mandate indorsed filed May 22, 1922; writ of mandate with return indorsed filed June 5, 1922; judgment of dismissal indorsed filed November 1, 1922; certificate of judgment-roll dated November 20, 1922; notice of appeal indorsed filed November 21, 1922; demurrer indorsed filed November 22, 1922. From this recital it appears that the file-mark indorsed upon the paper denominated defendant's demurrer bears the date subsequent to the notice of appeal in this action, and upon this fact the appellant contends a showing is made from which this court must conclude that there was no demurrer interposed by the defendant at the time the hearing was had in the court below and that the order of the court sustaining the defendant's demurrer was made at a time when it had no jurisdiction so to do and that the judgment based thereon has no foundation in law upon which to rest and should be reversed.

The judgment itself bearing the signature of the trial court is as follows:

"Whereas this cause was regularly heard by the court on the 5th day of June, 1922, upon the issues of law made and joined by plaintiff's petition for writ of mandate and the defendant's demurrer thereto, and whereas the court by its order duly made and entered upon the minutes on said 5th day of June, 1922, sustained the said defendant's demurrer on the ground that it appears on the face of said petition that the cause of action sought to be alleged therein is barred by the provisions of sections 337 and 343 of the Code of Civil Procedure. ·

"Now, therefore, it is ordered by the court that the said cause be, and the same is hereby dismissed."

The minute order referred to in the judgment recites that the demurrer of the defendant to plaintiff's petition

having come on regularly for hearing, etc., the court proceeded to hear the same and then made its order as recited in the judgment. The minute order is no part of the judgment-roll (see *De Pedrorena* v. *Hotchkiss*, 95 Cal. 636 [30 Pac. 787]), and for just what purpose this minute order was inserted in the record does not appear. The judgment of the court as herein set forth recites the fact of the defendant's demurrer being before it upon the hearing and that such demurrer was sustained. Whether the demurrer was in fact or was not in fact before the court has not otherwise been made to appear. Appellant apparently relies upon the file-mark of the clerk hereinbefore referred to. This court, however, has held that: "A paper is deemed to be filed when presented at the proper office, especially when there deposited with directions to file it." (*Dillon* v. *Superior Court,* 24 Cal. App. 760 [142 Pac. 503].) [1] The placing of the file-mark on the paper is a ministerial act to be performed by the clerk, and the fact that such file-mark is not indorsed on the paper until a subsequent date does not change the time of filing.

[2] Outside of the judgment itself there is no other evidence of the date of filing of the defendant's demurrer. The judgment itself recites the fact of filing, and there being nothing to contradict such recital it will be presumed to be correct. This principle was enunciated in the early case of *Hahn* v. *Kelly,* 34 Cal. 391 [94 Am. Dec. 742], and has been followed ever since.

This is a direct attack upon the judgment, but in the absence of any showing as to what the true facts are the judgment and its recitals will be presumed to be correct. (*Kahn* v. *Matthai,* 115 Cal. 689 [47 Pac. 698]; *Perry* v. *Noonan Furniture Co.,* 8 Cal. App. 35 [95 Pac. 1128].)

[3] Has the statute of limitations run in this case? Section 4 of the act of 1893, in accordance with which the bond in this case was issued, contains the following provision:

"The assessment shall be a first lien upon the property affected thereby, until the bond issued for the payment thereof, and the accrued interest thereon, shall be fully paid." (Stats. 1893, p. 36.)

Relying upon this provision of section 4 of the act of 1893 and the case of *Lantz* v. *Fishburn,* 17 Cal. App. 583

[120 Pac. 1068], counsel for appellant argues that the statute has not run and that this proceeding in *mandamus* may be maintained. An examination of the case of *Lantz* v. *Fishburn, supra,* discloses that the question of whether the bar of the statute had arisen in a case similar to this was not before the court and therefore was not decided. The action in *Lantz* v. *Fishburn* was one to quiet title and followed the equitable rule that where a lien exists the owner of the property is not entitled to have a decree of the court entered quieting title to his property until he has done equity by paying off all liens which in good conscience should be discharged. It is also held that section 2911 of the Civil Code, relating to the extinguishment of liens by the lapse of time, was inapplicable by reason of the wording of the statute which continued the lien until actual payment. Under such circumstances there could, of course, be no judgment entered quieting title as against such lien until it had been extinguished in the manner provided by section 4 of the act of 1893.

The rule established in this state, however, makes a distinction between the existence of a right and the exercise of a remedy. In other words, a person may be possessed of a right and by reason of inaction or failure to proceed lose his remedy. The provision of section 4 of the act referred to is very similar in purpose and expression to section 3716 of the Political Code relating to liens created by taxes. That section reads:

"Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all property of the delinquent; the judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof."

The right of a city or county or state to its taxes under this section would seem to be extinguishable only by actual payment, and such seems to be the rule. But the existence of the remedy has no such indefinite period of time and is not made to rest upon the fact of actual payment. The leading case upon this question and the one followed by the supreme court of this state is that of the *State of Nevada* v. *Yellow Jacket Silver Min. Co.,* 14 Nev. 220. All phases of the running of the statute as against the remedy or pro-

ceedings for enforcing their collection were thoroughly considered. The Nevada statute is practically identical with that of this state and it was there held that while the lien continued the remedy by action was barred. In *San Francisco* v. *Luning*, 73 Cal. 610 [15 Pac. 311], in an action brought to recover judgment for delinquent taxes, it was held that such an action was barred by the statute of limitations, that such an action was not an action to foreclose the lien. The distinction was drawn between an action to foreclose the lien and an action to collect the taxes. In *Lewis* v. *Rothchild*, 92 Cal. 625 [28 Pac. 805], in an action involving a contract of sale, it was held that tax liens were not extinguished by mere lapse of time, but the question of the existence of a remedy by action was not considered. The only question before the court and the one really decided was that the liens created a cloud upon the title and the purchaser could not be required to accept title and make payment while the liens remained undischarged. The next case upon the subject which has come to our attention is that of *San Diego City* v. *Higgins*, 115 Cal. 170 [46 Pac. 923]. The court there squarely met and decided the question which is presented to us in this case. It is there held that an action to recover municipal taxes and to enforce the lien thereof is subject to the limitation of subdivision 1 of section 338 of the Code of Civil Procedure, respecting an action upon a liability created by statute and is barred by the statute of limitations. The case of *Lewis* v. *Rothchild, supra*, was taken up and considered and it was said that the language used in that case was to be read in the light of the facts thereof. The Nevada case to which we have referred was also considered and the reasoning therein contained approved. The court in the case of *San Diego City* v. *Higgins* also refers to the case of *San Francisco* v. *Jones*, 20 Fed. 188, and adopts the following language as its own:

"Under these and other provisions of the Political Code no action is necessary to collect a valid tax. But it is claimed that these provisions take the case of an action under the statute to recover a tax out of the statute of limitations. In the case already cited the supreme court of Nevada, on a similar statute, decided otherwise, and we think correctly. . . . The lien is but an incident to the tax—the money due—and, like the case of a mortgage, when

an action to recover the debt is barred, the suit to enforce the lien is also barred. This has long been the settled doctrine in this state in relation to a mortgage. Neither the debt nor the lien is extinguished in the case of a mortgage, in any other sense than in the case of a tax, and the statutory lien incident to it. The remedy by action is barred, whatever the case may be as to other remedies. . . . We see no good reason, at this day, and under our laws for the levy and collection of taxes, for allowing the state to vex parties with suits for taxes after the lapse of many years that is not equally applicable to private parties. The state has officers specially appointed to attend to these particular duties, and no others, and if they neglect their duties the state which appoints them, if anyone, should be the party to suffer.''

The case of *San Diego City* v. *Higgins* was followed by the case of *Barnes* v. *Glide,* 117 Cal. 1 [59 Am. St. Rep. 153, 48 Pac. 804], where the plaintiff sought by *mandamus* to compel the trustees of the swamp-land district to levy a tax to pay warrants issued fourteen years before the commencement of the proceeding. It was held that the action was barred. It was also held in that case that where an officer's duty to take a prescribed action was dependent upon a demand being made, a party entitled to make the demand cannot by failure so to do prevent the running of the statute. In *Vickrey* v. *Maier,* 164 Cal. 384 [129 Pac. 273], it is held ''that where an actual demand is essential as a condition precedent to a complete right of action for the recovery of money, such demand must be made within a reasonable time after it can lawfully be made, or within a reasonable time after the contract by its terms contemplates that it should be made, and that, unless there are peculiar circumstances affecting the question, a time coincident with that of the statute of limitations, will be deemed reasonable.'' (*Thomas* v. *Pacific Beach Co.,* 115 Cal. 136 [46 Pac. 899]; *Williams* v. *Bergin,* 116 Cal. 60 [47 Pac. 877].) It is also held in this state that an action in *mandamus* is barred by the provisions of section 343 of the Code of Civil Procedure. (*Dodge* v. *Board of Police Commrs.,* 1 Cal. App. 608 [82 Pac. 699]; *Jones* v. *Board of Police Commrs.,* 141 Cal. 96 [74 Pac. 696]; *Barnes* v. *Glide,* 117 Cal. 1 [59 Am. St. Rep. 153, 48 Pac. 804].) The rule appears to be also that *mandamus* is an action of law subject to the rules appli-

cable to the common-law proceedings. (18 R. C. L. 89; *Barnes* v. *Glide,* 117 Cal. 1 [59 Am. St. Rep. 153, 48 Pac. 804].)

The transcript shows that more than six years elapsed after the maturity of the bond upon which this action is based and the date of making demand upon the treasurer of the city of Visalia for sale of the property upon which the bond constituted a lien and also before the beginning of this action. Under the authorities which we have cited there is but one conclusion to be reached. The statute of limitations had run at the time of the institution of the plaintiff's action, and even though the lien for the amount of the bond may still exist upon the property the remedy by *mandamus* to enforce sale is now barred by the provisions of the code to which we have referred.

The judgment of the trial court is hereby affirmed.

Finch, P. J., and Hart, J., concurred.