[Civ. No. 10246. Second Appellate District, Division Two.—June 27, 1935.]

COUNTY OF LOS ANGELES, Appellant, v. L. A. JUNK COMPANY (a Corporation), Respondent.

Everett W. Mattoon, County Counsel, and Beach Vasey, Deputy County Counsel, for Appellant.

Abe Richman for Respondent.

SCOTT, J., *pro tem.*—Plaintiff sued to recover taxes on personal property of defendant (Act 8471, Deering's Gen. Laws, 1931, p. 4752). The trial court held that recovery was barred by the statute of limitations and plaintiff appeals.

The findings of fact are not in dispute, and show that on the first Monday in March, 1930, defendant owned certain personal property; that between that date and the first Monday in July of that year the assessor attempted to assess said property and taxes were levied thereon; that although the facts at any time could have been learned by defendant from the assessment book and papers in the assessor's office, the assessment of the property was not actually entered on the assessment roll of the county until, pursuant to suitable notice to defendant of the correction of the error, it was so entered on January 5, 1932. The amended complaint was filed May 21, 1934, and appellant relies upon this date rather than the date of filing of original complaint. The trial court as a conclusion of law declared that upon the facts found the action was barred by the provisions of section 338, subdivision 1, of the Code of Civil Procedure. The section cited is conceded to be applicable to a situation such as here presented, the sole question being as to the date when the statute begins to run.

Appellant contends that it had no cause of action until the entry of the assessment in the assessment book, and that the statute of limitations began to run from that date. With this contention we are unable to agree. As in any case, the time must be calculated from the date when the cause of action accrues. (Sec. 312, Code Civ. Proc.) The entry of the assessment upon the assessment roll does not fix the date when the cause of action accrues, and delay in that regard would not toll the running of the statute. The cause of action must be held to have accrued not later than the first Monday in July, 1930, and was delinquent not later than December 5, 1930. (Pol. Code, sec. 3746.) The action was therefore barred. (See 37 Cyc. 1247, V, and cases cited.)

Judgment affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.

Shenk, J., voted for a hearing.