[Civ. No. 2847. Fourth Dist. June 16, 1942.]

GRIFFITH COMPANY (a Corporation), Respondent, v. HERBERT C. KELLY, Appellant.

[Civ. No. 2848. Fourth Dist. June 16, 1942.]

GRIFFITH COMPANY (a Corporation), Respondent, v. EVA A. FLY et al., Appellants.

Herbert C. Kelly for Appellants.

Solon S. Kipp and W. E. Starke for Respondent.

MARKS, J.—These are actions to foreclose liens of assessments levied under the Improvement Act of 1911. Each assessment was for an amount less than $25, so no bonds could be issued against the property assessed. The cases were tried together and present identical questions on this appeal, namely, are plaintiff's causes of action barred by the statute of limitations?

The assessments became liens on the various parcels of property on January 13, 1930. The action against Kelly to foreclose the liens was filed on October 20, 1940, and against Eva A. Fly and others on October 24, 1940. All defendants pleaded various statutes of limitations both by demurrers and answers. Judgments were rendered for plaintiff and these appeals followed.

Prior to its amendment in 1927, section 23 of the Improvement Act of 1911 provided in part as follows:

"Said warrant, diagram and assessment, shall be recorded in the office of said superintendent of streets. When so recorded the several amounts assessed shall be a lien upon the lands, lots, or portions of lots assessed, respectively, for the period of two years from the date of said recording, unless sooner discharged; . . ." (Stats. 1923, p. 115; Deering's Gen. Laws, 1923, act 8199.)

Section 27 of the same act provided in part as follows:

"At any time after the period of thirty-five days from the day of the date of the warrant, the contractor or his assignee may sue, in his own name, the owner of the land, lots or portions of lots, assessed on the day of the date of the recording of the warrant, assessment, and diagram, or any day thereafter during the continuance of the lien of said assessment, and recover the

amount of any assessment remaining unpaid, with interest thereon at the rate of ten per cent per annum until paid." (Stats. 1923, p. 117.)

These sections were amended in 1927. (Stats. 1927, pp. 1407, 1408; Deering's Gen. Laws, 1925-1927 Supp., Act 8199.) The amended portion of section 23, important here, read as follows:

"Said warrant, diagram and assessment, shall be recorded in the office of said superintendent of streets. When so recorded the several amounts assessed shall be a lien upon the lands, lots or portion of lots assessed, respectively, and such lien shall so continue until it be discharged of record."

As amended the applicable portion of section 27 provided as follows:

"At any time after the first day of July next succeeding nine months following the date of recording of such assessment, the contractor or his assignee may sue in his own name the owner of the land, lots or portions of lots assessed on the day of the date of the recording of the warrant, assessment and diagram, and recover the amount of any assessment remaining unpaid together with interest and any penalties allowed hereunder; *provided*, that if any state, county or municipal taxes or other special assessment or assessments be delinquent on said property then such action may be brought at any time after ninety days after the recording of such assessment."

Plaintiff argues that as the Legislature omitted the two-year limitation from the amendment of section 23 and retained the provision of section 27 permitting the contractor to sue "at any time after" the time specified, a clear intention was manifested to do away with any statute of limitation so that the action could be brought within an unlimited number of years after the cause of action accrued.

Defendants draw a contrary inference from the amendment. They argue that the Legislature must be charged with knowledge of the provisions of the Code of Civil Procedure limiting the time in which civil actions may be brought. They point to section 312 of that code (unamended since 1897) which provides as follows:

"Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute."

From this they argue that the omission, from the 1927

amendment of section 23, of the two-year limitation on the time an action to foreclose these liens could be filed, shows the clear intention of the Legislature to provide that such actions must be filed within the period prescribed in the Code of Civil Procedure.

If plaintiff is correct in its argument that there is now no limitation on the time in which actions of this kind may be filed, the judgments must be affirmed. On the other hand, if the arguments of defendants are sound, the judgments must be reversed, for about ten years elapsed between the time plaintiff's cause of action accrued and the time of filing the complaints.

We have been cited to and have found no decision on this precise question under the provisions of the Improvement Act of 1911. There are decisions under other statutes which, by analogy, seem to be decisive of the problem.

Section 4 of an act, approved February 27, 1893, which provided a system of street improvement bonds to represent the cost of street work and improvement (Stats. 1893, p. 33; Deering's Gen. Laws, 1923, Act 8208.) contained the following:

". . . said assessment shall be a first lien upon the property affected thereby, until the bond issued for the payment thereof, and the accrued interest thereon, shall be fully paid."

This provision was construed in the case of *Woods* v. *Hyde*, 64 Cal. App. 433 [222 Pac. 168], where the precise question before us was decided under similar arguments of counsel. The court concluded that as six years had elapsed between the time the cause of action accrued and the time the bondholder took steps to foreclose the liens, his right of recovery was barred by the provisions of the Code of Civil Procedure. In reaching this conclusion the court said:

"The rule established in this state, however, makes a distinction between the existence of a right and the exercise of a remedy. In other words, a person may be possessed of a right and by reason of inaction or failure to proceed lose his remedy. The provision of section 4 of the act referred to is very similar in purpose and expression to section 3716 of the Political Code relating to liens created by taxes. That section reads:

" 'Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all property of the delinquent; the judgment is not satisfied nor the lien removed

until the taxes are paid or the property sold for the payment thereof.'

"The right of a city or county or state to its taxes under this section would seem to be extinguishable only by actual payment, and such seems to be the rule. But the existence of the remedy has no such indefinite period of time and is not made to rest upon the fact of actual payment. The leading case upon this question and the one followed by the Supreme Court of this state is that of the *State of Nevada* v. *Yellow Jacket Silver Min. Co.*, 14 Nev. 220. All phases of the running of the statute as against the remedy or proceedings for enforcing their collection were thoroughly considered. The Nevada statute is practically identical with that of this state and it was there held that while the lien continued the remedy by action was barred."

A similar question was before the court in *City of San Diego* v. *Higgins*, 115 Cal. 170 [46 Pac. 923], under the provisions of section 3716 of the Political Code, already quoted. In this case the city sought to enforce a lien for taxes more than five years after the lien had attached. It maintained that as the lien was perpetual there was no statute of limitation against the city's action under the provisions of the Political Code. Both the trial judge and the Supreme Court agreed that the action was barred by the provisions of subdivision 1 of section 338 of the Code of Civil Procedure. It was there said:

"It might be, as suggested in *San Francisco* v. *Luning*, 73 Cal. 610 [15 Pac. 311], that the lien existed 'without any provision for its enforcement, in which case it is simply a right without a remedy.'" (See, also, *Dranga* v. *Rowe*, 127 Cal. 506 [59 Pac. 944]; *Clark* v. *City of San Diego*, 144 Cal. 361 [77 Pac. 973]; *County of Los Angeles* v. *L. A. Junk Co.*, 8 Cal. App. (2d) 136 [47 P. (2d) 309].)

*Chambers* v. *Gallagher*, 177 Cal. 704 [171 Pac. 931], involved a construction of a provision of the Inheritance Act of 1893, (Stats. 1893, p. 193), which, in section 1 provided that "all administrators, executors and trustees, shall be liable for any and all such taxes until the same shall have been paid." The state comptroller brought the action against an executor to recover the inheritance tax more than twelve years after the estate had been distributed. He argued that the obligation was made continuing by the statute and that there was no limitation on the time in which he could bring the

action on behalf of the state. In disagreeing with this contention the Supreme Court said:

"In cases where the law also allowed a personal action to be maintained for the recovery of such taxes, we have uniformly held that the statute of limitations applies to such actions; that such tax is a liability created by statute, which, under section 338, subdivision 1, aforesaid, is barred after the expiration of three years from the time when the right of action accrued. (Citing cases.) The same principle applies to a demand for inheritance tax under the act of 1893, and its amendments prior to 1902." The same conclusion was reached in *Chambers* v. *Gibson,* 178 Cal. 416 [173 Pac. 752].

Following the reasoning of these authorities the conclusion follows that the limitation on these actions provided in sections 312, et seq., of the Code of Civil Procedure must be applied here. That section expressly provides that the limitations contained in the following sections must be applied except "where, in special cases, a different limitation is prescribed by statute." Prior to the amendments of 1927, the Improvement Act of 1911 contained such a different period of limitation. When that special period of limitation was removed from the statute the express provisions of section 312 of the Code of Civil Procedure were placed in effect and the limitations contained in the following sections must govern here.

Plaintiff argues that the Improvement Act of 1911 is a special statute, complete in itself, and must be looked to for the procedure creating, extinguishing and foreclosing liens created under it for street improvements. (See *Hellman* v. *Shoulters,* 114 Cal. 136 [44 Pac. 915, 45 Pac. 1057]; *Crummey* v. *Popp,* 79 Cal. App. 230 [249 Pac. 29]; *Walker* v. *Van Valkenburgh,* 111 Cal. App. 538 [295 Pac. 1068].) This is generally true but cannot be applied literally to actions to foreclose liens created under it. That act is silent as to the details of the procedure to be followed in such actions so reference must be had to other statutes to determine such procedure. Otherwise there would be no statutory provision governing the remedy of foreclosure by court action.

The judgments are reversed.

Barnard, P. J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 13, 1942.