# BOARD OF COUNTY COMMISSIONERS OF CUSTER COUNTY, APPELLANT, *v.* STORY, RESPONDENT.

### AND

# BOARD OF COUNTY COMMISSIONERS OF CUSTER COUNTY, APPELLANT, *v.* STORY ET AL., RESPONDENTS.

(No. 1,453.)

(Submitted April 18, 1902.   Decided May 26, 1902.)

*Taxation—Personal Action to Collect a Tax—Statute of Limitations—Constitution.*

1.  Compiled Statutes of 1887, First Division, Section 42, Subdivision 2, as amended by Laws of 1893, page 50, and Code of Civil Procedure of 1895, Section 520, limit the time for commencing a personal action to collect a tax to two years.
2.  Compiled Statutes of 1887, First Division, Section 42, Subdivision 2, as amended by laws of 1893, page 50, and Code of Civil Procedure of 1895, Section 520, are not in conflict with Constitution, Art. V, Section 39.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by the Board of County Commissioners of Custer County against Nelson Story, and action by the Board of County Commissioners of Custer County against Nelson Story and Walter D. Story. By agreement of the parties the causes were consolidated and tried together. From judgments for defendants, plaintiff appeals. Affirmed.

*Mr. C. B. Nolan,* and *Mr. James Donovan, Attorney General,* for Appellant.

*Mr. A. J. Campbell,* for Respondents.

THE HONORABLE J. B. LESLIE, District Judge of the Eighth Judicial District, sitting in the place of Mr. Justice Milburn, delivered the opinion of the court.

These actions were instituted against the defendants in the district court of Custer county on the 6th day of August, 1897. Subsequently a change of venue was ordered by said court to the district court of Gallatin county.

In the first-named action a recovery is sought against the defendant therein named on account of unpaid taxes assessed against him by the authorities of Custer county for the year 1889, amounting to the sum, with penalty added, of $759. The second action is similar in character. In two separate causes is alleged the default of the defendants in the payment of taxes assessed against them by the county authorities of Custer county for the years 1890 and 1892, amounting to the sums, with penalties added, respectively, of $7,087.15 and $187. Said sums sued for are alleged to have matured in the respective years of their assessment. To each cause answer was made traversing the material allegations, and, in addition, as against each cause of action, the statute of limitations was pleaded. By agreement of the parties the causes were consolidated, and

tried together by the court below sitting without a jury. At the conclusion of plaintiff's testimony the defendants moved for a nonsuit upon the ground that it affirmatively appeared that the actions were barred by the provisions of Subdivision 2 of Section 42 of the First Division of the Compiled Statutes, as amended by Section 1 of the Act of the Third legislative assembly, approved March 10, 1893 (Laws 1893, p. 50), which motion was sustained by the court, and judgment in favor of the defendants entered accordingly. From that judgment the plaintiff prosecutes this appeal.

No question having been raised touching the authority of plaintiff to bring these actions in the name of the board of county commissioners, its capacity to sue is assumed for the purposes of this appeal.

In addition to the material averments of the complaint, it is further alleged, relative to the property on account of which the taxes sued for were assessed, that it "was at all times while within said county situate upon the Crow Indian reservation, and that after said tax was assessed and levied and became delinquent the treasurer of said county plaintiff frequently attempted to go upon said reservation to collect said tax, and was at all times before the removal of said property from the said county hindered and prevented from so entering upon said reservation and collecting said tax by distraint of said property by the United States Indian agent and by the United States authorities in charge of said reservation, and by the injunction orders in said matter made and issued by the United States circuit court of the Ninth circuit in and for the district of Montana, and was by the action of said federal authorities and said federal court wholly prevented from seizing and distraining the property of defendants." A careful examination of the testimony had at the trial fails to disclose any proof offered in support of this contention. Whether these averments were incorporated in the pleadings for the purpose of taking the causes out of the operation of the statute of limitations it is needless to speculate, or what effect the alleged hindrance, if

established, would have upon the statute, is unnecessary to determine. The sole question presented by this appeal is whether the statute of limitations runs against the state, or a subdivision thereof, in an action to recover a judgment for an unpaid tax claim,—whether said Subdivision 2 of Section 42, as amended, contravenes the provisions of Section 39, Article V, of the Constitution.

The statutory and constitutional provisions which have application to and must determine the question under consideration are as follows: Section 28, First Division, Compiled Statutes of 1887: "Civil actions can only be commenced within the periods prescribed in this title after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute." Section 42, *Id.,* as amended: "An action upon a liability created by a statute, other than a penalty or a forfeiture, shall be commenced within two years." Section 49, *Id.:* "The limitations prescribed in this act shall apply to actions brought in the name of the territory, or for the benefit of the territory, in the same manner as to actions brought by private parties." The section last quoted, as carried into Section 520, Code of Civil Procedure, reads: "The limitations prescribed in this chapter apply to actions brought in the name of the state, or for the benefit of the state, in the same manner as to actions by private parties." Section 39, Article V, of the Constitution: "No obligation or liability of any person, association or corporation held or owned by the state, or any municipal corporation therein, shall ever be exchanged, transferred, remitted, released or postponed or in any way diminished by the legislative assembly; nor shall such liability or obligation be extinguished except by the payment thereof into the proper treasury."

Legislative intent is manifest from the language of Section 49, *supra,* that the statute should operate with equal force against an action by the state, or for the use and benefit of the state, as against a private individual. If demands of the character of those in suit are "liabilities created by statute," and

the sections of the statute above quoted are not repugnant to the provisions of the constitution, it logically follows that the lower court properly held that appellant's right to proceed by action was barred.

Is the obligation to pay a tax demand levied and assessed by the proper authorities, and in accordance with legislative direction, a "liability created by statute"? That it is such a liability is well supported by reason, and is, almost without exception, the view adopted by courts of last resort. The state, as an incident of its sovereignty, possesses the power to impose upon persons and estates within its jurisdiction their just and proportionate share of the expenses and burdens of maintaining its existence and effecting its objects, limited only in the exercise of this power by constitutional restrictions. This power to tax is strictly legislative, and its exercise must ensue from the mandate of the law-making branch of the government in the establishment of fixed and general rules insuring, as near as may be, exact impartiality and equality in the distribution of the common burden. The process by which this exaction from the individual or the estate is accomplished is the product of statutory enactment. The duty imposed is characterized and defined by and dependent upon the legislative will, and is a liability created by statute. Some of the numerous decisions adopting this construction are *Bristol* v. *Washington County,* 177 U. S. 147, 20 Sup. Ct. 585, 44 L. Ed. 701; *State* v. *Mining Co.,* 14 Nev. 226; *City and County of San Francisco* v. *Jones* (C. C.), 20 Fed. 188; *San Francisco* v. *Luning,* 73 Cal. 610, 15 Pac. 311; *County of Redwood* v. *Winona & St. P. Land Co.,* 40 Minn. 515, 42 N. W. 473; *Pine County* v. *Lambert,* 57 Minn. 203, 58 N. W. 990; 19 Am. & Eng. Enc. Law, (2d Ed) p. 282, and cases cited; Cooley on Taxation, 435.

A demand for taxes being a liability created by statute, the next inquiry is, do the provisions of said Subdivision 2 of Section 42, as amended, and Section 49, conflict with Section 39, Article V, of the Constitution? This question must be answered in the negative. The inhibitory words of the constitu-

tion are that no obligation or liability in favor of the state shall
be "exchanged," "transferred," "remitted," "released," "post-
poned," "diminished," "extinguished." That the terms "ex-
changed" and "transferred" can have no application to the sub-
ject herein must be conceded; nor does the statute "postpone,"
or suspend for a time, the remedy for the enforcement of pay-
ment, giving a temporary respite to the debtor, to be followed
by a revival of the right to collect from him; nor can a dimi-
nution follow from the statute canceling a part of the debt and
leaving in force a part. If there is any conflict in the statute,
it must be found in the remaining words "remitted," "re-
leased," "extinguished," and which, for the purposes of this
case, may be considered as convertible terms prohibiting a can-
cellation of obligations of the class embraced in the constitu-
tion. The statute relied on by the defendants, which limits the
right to sue within two years after the maturity of the demand,
does not operate to remit, release, or extinguish the obligation.
With respect to personal actions for the recovery of debt, stat-
utes of limitation are not statutes of release or liquidation; they
affect the remedy, and not the right. (*Guiterman* v. *Wishon,*
21 Mont. 461, 54 Pac. 566; Cooley, Const. Lim. p. 447; 19
Am. & Eng. Enc. Law (2d Ed), p. 147, and cases cited.)

While plaintiff's right to proceed by action is lost by delay,
the debt is not extinguished, and the officers authorized so to
do may pursue the other remedies provided by law and enforce
collection. The laws of this state provide a summary method
of seizure and sale of personal property and sale of realty for
enforcing payment of taxes, and also authorize the bringing of
a common-law action for the recovery of a personal judgment
against the delinquent taxpayer. Neither of these remedies is
dependent on the other for its existence or efficiency. The pro-
ceeding by action is a remedy in addition only to the others
named; but for the statute creating it, the remedy would not
exist. The lawmaking power, having authority to prescribe
or withhold altogether a particular remedy, may, in its enact-
ment, invest it with such restrictions as will, in its judgment,

best subserve the public good.    Were there no statute authorizing the bringing of an action to collect a tax debt, and the legislature, in its wisdom, deemed it expedient to make provision for such a remedy, could it be reasonably contended that in the enactment of such a law the constitutional provision relied on by the plaintiff would stand in the way of a proviso that the action should be brought within a specified time, else the right to sue be denied?    Or would the power of the legislature be questioned to repeal altogether the existing right to proceed by action, leaving the remedies of distraint and sale to be pursued by the collecting officers?

The power to sue for delinquent taxes existed at the adoption of the constitution, authority therefor being found in Section 9 of the Act of the Sixteenth legislative assembly of the territory, approved March 14, 1889, p. 225, and likewise, at the same time, the statute limiting the period within which such actions might be brought was in force.    If it had been the intention of the framers of the constitution to exempt the state from the operation of statutes of limitations, it would have been an easy matter to incorporate a clause to that effect in the instrument.

More than two years having elapsed between the maturity of each of the claims sued on and the commencement of the actions, the lower court properly sustained the motion of the defendants for a nonsuit.    The judgment is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY:    I concur.

MR. JUSTICE PIGOTT:    I concur.

MR. JUSTICE MILBURN, having been of counsel in other undetermined causes presenting the same question here involved, does not participate in the foregoing opinion.