COUNTY OF ERIE, Respondent, *v.* MAX LOWENSTEIN et al., Defendants, and THE CITY OF TONAWANDA, Appellant.

Taxation — Tonawanda (city of) — statute (L. 1917, ch. 793) amending act (L. 1903, ch. 22, § 6) dissolving village of Tonawanda and incorporating the city of Tonawanda, removes ten-year limitation upon time to enforce unpaid liens for taxes and assessments.

The act incorporating the city of Tonawanda (L. 1903, ch. 22), and dissolving the village of Tonawanda, provided that all taxes and assessments made upon land situate within the corporate limits by the next assessment, after the act took effect, should be a lien and charge upon the said land for ten years from the time of filing the assessment rolls, superior to all other liens, rights, title or estate therein, until paid or otherwise discharged. This section was amended in 1917 (L. 1917, ch. 793, § 6) by eliminating the ten-year limitation, thus making such taxes, until paid, liens upon the land, and the amendment applied to all valid liens in existence at the time the act took effect, on June 8, 1917, so that the enforcement of liens which were then valid might thereafter be enforced, irrespective of the time when actions or proceedings were taken to enforce the same. The ten years were to be measured, not by the time when the action was commenced, but by the time when the act became effective. The liens for taxes which had ceased to exist prior to the time the act went into effect were dead, but those which were valid and enforcible at that time continued thereafter because as to them the Statute of Limitations was removed.

*County of Erie* v. *Lowenstein,* 202 App. Div. 579, modified.

(Argued March 15, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 26, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee.

*Roland Baxter* for appellant. The limitation contained in the charter of 1903 was not a grant of a right. It was a limitation restricting enforcement. The restriction being removed by the amendment of 1917, city tax liens not already extinguished may be enforced. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213; *Matter of Moench's Estate*, 80 N. Y. Supp. 222; *Hulbert* v. *Clark*, 128 N. Y. 295; *Campbell* v. *Holt*, 115 U. S. 620; *Johnston* v. *Albany & Susquehanna R. R. Co.*, 54 N. Y. 416.)

*M. Edwin Merwin* and *Robert C. Palmer* for respondent. The taxes and assessments levied and assessed by the city of Tonawanda prior to 1911 have ceased to be a lien and are discharged. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Goillotel* v. *Mayor, etc.*, 87 N. Y. 441; *People ex rel. P. S. & L. Assur. Society* v. *Miller*, 179 N. Y. 227; *Benton* v. *Wickwire*, 54 N. Y. 226; *Hall* v. *City of Lockport*, 153 N. Y. Supp. 298; *Rhodes* v. *S. & H. Co.*, 193 N. Y. 223; *Read* v. *City of Buffalo*, 74 N. Y. 463; *People ex rel. Leet* v. *Keller*, 157 N. Y. 90; *G. & W. R. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 163 N. Y. 228; *People ex rel. Peake* v. *Board of Supervisors*, 43 N. Y. 130; *Matter of Van Kleeck*, 121 N. Y. 701; *Walker* v. *Walker*, 155 N. Y. 77; *People* v. *Wendel*, 217 N. Y. 260; *Van DeVenter* v. *Long Island City*, 139 N. Y. 133; *Ely* v. *Holton*, 15 N. Y. 595.)

McLAUGHLIN, J. This action was brought in the County Court of Erie county to foreclose alleged liens for taxes on certain real estate situate in the city of Tonawanda. The matter was sent to a referee to hear and determine the priority and validity of the various liens and the amount due thereon. He made a report

in which he found that the county taxes for 1904–1920, both inclusive, were valid liens, and that the taxes in favor of the city of Tonawanda for the years 1911 and the following years were valid and superior to the county taxes. He also found that all taxes levied by the city of Tonawanda prior to the year 1911 had ceased to be liens by reason of the Statute of Limitations. The report was confirmed and judgment entered to that effect, from which an appeal was taken to the Appellate Division, which modified the judgment to the extent of including in favor of the city a tax levied by the village of Tonawanda in 1902. The city appeals.

No question is raised concerning the validity of the liens of the county taxes for the years stated, nor is any question raised as to the lien for the city taxes, except those levied prior to 1911. As to such taxes, the judgment of the County Court as modified by the modification referred to, is that the liens for all taxes levied prior to 1911 had, by reason of the statute, been extinguished except the lien for taxes levied by the village of Tonawanda in 1902.

The act incorporating the city of Tonawanda (Laws of 1903, chap. 22) dissolved the village of Tonawanda and provided that the city succeeded to all the rights of the village. One of the provisions of the act (Sec. 6, title 8) incorporating such city provided that after the assessment roll had been completed the same should be filed with the city treasurer on or before the first day of August in each year. Section 7 of the same title provided that upon the filing of said rolls with the city treasurer, all taxes and assessments therein made upon the several parcels of land within the corporate limits, together with interest and additions, " shall be and remain a lien and charge upon the said lots or parcels of land, respectively, for ten years from the time of filing the said assessment rolls with the city treasurer, superior to all other liens, right, title or estate therein, until paid

or otherwise satisfied and discharged and shall have priority over all other taxes in the inverse order of time in which they become liens."

In 1917 this section was amended by eliminating the ten-year limitation, thus making such taxes, until paid, a lien upon the land after filing the assessment roll with the city treasurer. (Laws of 1917, chap. 793, sec. 6.)

This action was commenced in February, 1921, and the referee, as appears from his report, was of the opinion that all taxes assessed prior to 1911, that is, ten years prior to the time the action was commenced, were invalid because the ten-year statute which was in effect prior to the 1917 amendment applied. His view was adopted by the County Court and also by the Appellate Division, with the slight modification above alluded to, of which no complaint is here made by either party.

The statute of 1917 removed the ten-year Statute of Limitations and it applied to all valid liens in existence at the time the act took effect, which was June 8, 1917. The enforcement of liens which were then valid might thereafter be enforced, irrespective of the time when actions or proceedings were taken to enforce the same. The ten years was to be measured, not by the time when the action was commenced, but by the time when the act became effective. Ten years prior to the time when the act became effective include the taxes assessed and levied for the years 1907, 1908, 1909 and 1910, as well as those of subsequent years. The liens for taxes which had ceased to exist prior to the time the act went into effect were dead. Such liens were not revived or brought back to life by the act, nor is there anything to indicate the legislature so intended. But those which were valid and enforcible at that time continued thereafter because as to them the Statute of Limitations was removed (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213.) All taxes and assessments, therefore, levied or assessed by the city of Tonawanda against the property in question for the

years 1907, 1908, 1909 and 1910 should have been included with the others mentioned in the referee's report and with the same priority over the taxes levied by the county of Erie in those years.

The judgment appealed from should, therefore, be modified to the extent stated, and as thus modified affirmed, without costs.

HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., absent.

Judgment accordingly.