Fuld, J.
The sole question presented, in this action to foreclose certain transfers of tax liens, is whether the suit is subject to the bar of the six-year statute of limitations (Civ. Prac. Act, § 47-a, § 48, subd. 2).
The liens in question were sold by the City of New York, in November, 1943, to plaintiff or to others from whom plaintiff subsequently acquired them. The transfers were made pursuant to the Administrative Code provisions authorizing the sale by the City of the “ right to receive taxes, assessments * * * and the lien thereof ” (Administrative Code of City of New York, § 415[l]-23.0). A transfer of tax lien operates “to transfer and assign the tax lien ” to the purchaser (§ 415[1]-31.0), who has 11 all the rights and remedies of a holder thereof ’ ’ (§ 415[1]-33.0, subd. [c]).
Plaintiff instituted the present suit in February, 1955, eight years after the cause of action had accrued.[1] Defendants, in their answers, set up the six-year statute of limitations as a complete defense, urging the applicability of either the statute governing actions “ upon a liability created by statute ” (Civ. Prac. Act, § 48, subd. 2) or the one governing actions “ upon a mortgage of real property, or any interest therein ” (§ 47-a). Plaintiff moved to strike the answers, urging that the action was not subject to any statute of limitations because of the *468 provision in both City Charter ■ and Administrative Code that taxes are to become and remain liens “until paid” (New York City Charter, § 172; Administrative Code, § 415[l]-7.0).
Plaintiff’s motion to strike was granted by the court at Special Term, but the Appellate Division unanimously reversed. The appeal is before us, by leave of the Appellate Division, upon a certified question.
"Whether there should be any limitation of the time in which an action to foreclose tax liens must be instituted is, of course, a question for legislative decision. (Cf. Gautier v. Ditmar, 204 N. Y. 20, 28.) There is no provision of law specifically limiting the time for the institution of such an action. On the contrary, as plaintiff maintains, the City Charter expressly recites that all taxes shall “ become liens on the real estate affected thereby * * * and shall remain such liens until paid ” (§ 172), and the Administrative Code is just as explicit (§ 415[1]-7.0).[2]
Defendants contend, though, that the obligation to pay taxes is a “ liability created by statute ” and, by that token, subject to the six-year limitation imposed by section 48, subdivision 2, of the Civil Practice Act upon actions to enforce such a liability. Furthermore, they argue, even if subdivision 2 of section 48 were to be held inapplicable, the suit would still be barred by section 47-a of the Civil Practice Act, requiring actions ‘[1] upon a mortgage of real property ” to be commenced within six years. For this proposition they rely upon section 415[l]-39.0 of the Administrative Code, which specifies that ‘ ‘ Except as otherwise provided in this title an action to foreclose a tax lien shall be regulated by the provisions of the civil practice act and by all other provisions of law, and rules of practice applicable to actions to foreclose mortgages on real property. ’ ’
The, court at Special Term concluded that the Charter and Code provisions continuing the liens in effect until paid rendered inapplicable the statutes of limitation prescribed by the Civil Practice Act. The Appellate Division, however, without stating whether section 47-a or section 48, subdivision 2, was controlling, held that the action was barred under either the one or the other. It found no conflict between its decision and the *469 recitals, above noted, that the liens remain until paid, because the statute of limitations “ does not pay, destroy or discharge the lien, but affects only the remedy. (Cf. Hulbert v. Clark, 128 N. Y. 295; House v. Carr, 185 N. Y. 453; Campbell v. Holt, 115 U. S. 620.)”
Although there are a number of decisions in other jurisdictions— reaching divergent results (Holding statute of limitations inapplicable: see, e.g., City of Hartford v. Mechanics Sav. Bank, 79 Conn. 38; Greenwood v. Town of LaSalle, 137 Ill. 225; Wells County v. McHenry, 7 N. D. 246, 264-266; Iowa Land Co. v. Douglas County, 8 S. D. 491, 503-504; Port Townsend v. Eisenbeis, 28 Wash. 533. Holding statute of limitations applicable and action barred: see, e.g., Barden v. City of Duluth, 28 F. 14; State v. Bellin, 79 Minn. 131, 133; Board of County Comrs. v. Story, 26 Mont. 517, 521-522; San Francisco v. Luning, 73 Cal. 610; State of Nevada v. Yellow Jacket Silver Min. Co., 14 Nev. 220, 228-235)—they help us but little, since they rest for the most part upon the particular statutory provisions and enforcement procedures involved. The answer in cases such as the one before us necessarily lies in the explicit language of the City Charter and Administrative Code declaring that the lien of the tax “ shall remain ” and “ shall continue ” until paid.
By these provisions, the law-making body clearly manifested its design that the tax liability should be enforcible against the affected property perpetually or, more accurately, until it is actually discharged by payment. Indeed, under a similar provision in the Act incorporating the City of Tonawanda, we decided that real estate tax liens might be ‘ ‘ enforced, irrespective of the time when actions or proceedings were taken to enforce the same.” (County of Erie v. Lowenstein, 235 N. Y. 458, 461.) As originally enacted, the Tonawanda statute had provided that taxes were to remain a lien “ for ten years from the time of filing the said assessment rolls * * * until paid or otherwise satisfied and discharged” (L. 1903, ch. 22, tit. VIH, § 7). The ten-year limitation was eliminated by an amendment in 1917. Conflicting claims asserted by the City of Tonawanda and Erie County were resolved by the holding that the liens in issue had become perpetual by reason of the amendment and that the action to foreclose was not barred although the liens were more than ten years old when the action was instituted.
*470 The six-year limitation of actions upon a ‘ ‘ liability created by statute ” had long been a part of the law at the time the County of Erie case came before this court for decision (supra, 235 N. Y. 458), but it nevertheless held enforcible liens which arose as long as fourteen years before the action was instituted. Efficient tax administration of a particular local area may require, and the Legislature may, as in the original Tonawanda statute, provide, time limitations differing from those in other tax districts (cf. Cohen v. Boyland, 1 N Y 2d 8) or from those in state-wide procedural statutes applicable to general legal remedies. It matters not that a tax liability may literally be considered one “ created by statute ”. It is clear that a specific direction in the City’s tax laws as to the duration of a tax lien must govern and take precedence over any more general statute of limitations to be found in the Civil Practice Act. Such general statutes are never applicable where another statute, relating to a particular type of claim, prescribes a different limitation or indicates that there is to be no limitation. (See Civ. Prac. Act, § 10; see, also, Port Townsend v. Eisenbeis, supra, 28 Wash. 533, 542-543.) And both the City Charter and the Administrative Code are statutes which specifically prescribe that the life and validity of a tax lien shall not be affected by the lapse of time.
The recital, in section 415(1)-39.0 of the Code, that actions to foreclose a tax lien “ shall be regulated by the provisions of the civil practice act ” applicable to realty mortgage foreclosures is, as the Appellate Division itself intimated, nothing more than a provision for ‘ ‘ the regulation of the procedure in such an action, ’ ’ having nothing to do with the problem of limitations. That statement is subject, too, to the proviso, ‘ ‘ Except as otherwise provided in this title ”, and it could hardly have been meant to derogate in any way from the force of the explicit pronouncement that tax liens shall remain effective ‘[1] until paid ’ ’.
It is no answer, to language so plain, that the statute of limitations affects only the remedy and not the right, and that it may, therefore, be applied without conflicting with the provision that the lien continues until paid. Although a few courts have, in fact, adopted this reasoning (see, e.g., Board of Comrs. v. Story, supra, 26 Mont. 517, 521-522; State of Nevada v. Yellow Jacket Silver Min. Co., supra, 14 Nev. 220, 232), such doctrinal niceties have no place in a case such as the present. This right-persists- *471 remedy-gone analysis is usually employed to allow a recovery after a claim has been barred, as, for example, by upholding a legislative revival of the claim (see Campbell v. Holt, 115 U. S. 620) or by allowing resort to an alternative remedy. (See House v. Carr, 185 N. Y. 453; Hulbert v. Clark, 128 N. Y. 295.) It should not be invoked for the contrary purpose, that is, to bar the primary means of enforcing a claim despite a legislative pronouncement that the claim be perpetual, simply because other remedies, uncertain and less efficacious, may still remain.
Plaintiff stands in the same position as the City with respect to his rights and remedies as a holder of a tax lien (Administrative Code, § 415 [l]-33.0, subd. [c]; see Gautier v. Ditmar, supra, 204 N. Y. 20, 28-29); if his remedy of foreclosure were subject to the statute of limitations, so too would be the City’s as to the liens that it holds. But it is clear to us that the provisions in the New York City Charter and in its Administrative Code, that the lien of a real estate tax continues until paid, are specific pronouncements which were not intended to be overridden by general, state-wide statutes of limitation.
The order of the Appellate Division should be reversed, the question certified answered in the negative, and plaintiff’s motion to strike defendants’ answers granted, with costs in this court and in the Appellate Division.
Conway, Ch. J., Desmond, Dye, Froessel, Van Vooehis and Burke, JJ., concur.
Order of Appellate Division reversed, and that of Special Term reinstated, with costs in this court and in the Appellate Division. Question certified answered in the negative.

. The amount of the liens became due in November, 1946, three years after they had been sold (Administrative Code, § 415[l]-36.0).

. The Administrative Code provision (§ 415[l]-7.0), differing slightly in wording, declares that “All taxes and all assessments * * * and the interest and charges thereon * * * shall continue to be, until paid, a lien