■ The People of the State of New York, Respondent, v. James Rocco, Thomas Selkirk and Andrew Stauss, Also Known as Andrew Strauss, Appellants.— Appeals by each of the defendants: (1) from judgments of the Supreme Court, Kings County, rendered January 18, 1963 as to defendants Rocco and Selkirk, and rendered February 1, 1963 as to defendant Stauss, on their pleas of guilty, convicting them of robbery in the first degree, and imposing sentence; and (2) from orders made on the same dates which denied their motions to withdraw such pleas of guilty. Judgments affirmed. No separate appeals lie from the orders denying the motions to withdraw the pleas. Such orders, however, have been reviewed on the appeals from the judgments of conviction (Code Crim. Pro., § 517, subd. 3). In our opinion, the pleas of guilty were not the result of coercion but were the voluntary acts and reasoned choices of the defendants; hence, their motions were properly denied. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ Mabel Russell et al., Appellants, v. City of New York, Respondent. — In an action to declare: (a) that plaintiffs, owners of real property taken in condemnation, are the "lawful owners" of the moneys awarded for such taking, and (b) that certain tax liens on said premises are "void and of no force and effect in law", plaintiffs appeal from an order of the Supreme Court, Kings County, entered May 1, 1964, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211. Order affirmed, with $10 costs and disbursements, without prejudice to the institution of a new action, if plaintiffs be so advised, to recover the amount of the award, in which action the holders of the liens shall be made parties defendant. The tax liens, dating back to 1927 and 1943, do not appear to be unenforcible merely because of lapse of time (New York City Charter, § 172; Administrative Code of City of New York, § 415[1]–7.0; cf. *L. K. Land Corp.* v. *Gordon*, 1 N Y 2d 465, 469, 470). However, a declaration as to the validity of the liens may not be rendered, since the holders of the liens whose rights would be affected are not parties to the action (cf. *Manhattan Stor. & Warehouse Co.* v. *Movers & Warehousemen's Assn.*, 289 N. Y. 82, 88; see, also, CPLR 1001, 1003). CPLR 216, relied upon by plaintiffs, is merely a Statute of Limitations; it has no effect on plaintiffs' obligation to join necessary parties (cf. *Solicitor of His Majesty's Treasury* v. *Bankers Trust Co.*, 304 N. Y. 282, 292). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.