CITY OF CINCINNATI *v.* DEGOYER.

(Nos. 107838-39-40-41-42—Decided October 8, 1968.)

Municipal Court of Hamilton County.

Mr. *Jerome L. Schimpf* and Mr. *William B. Singer,* for plaintiff.

Mr. *Howard D. Fields,* for defendant.

KRAFT, J. The defendant is cited under Section 12 of the Income Tax Ordinance of the city of Cincinnati, Ordinance 427-1961, and charged with failure to pay income taxes owed by him to the city of Cincinnati for the years 1962, 1963, 1964, 1965, and 1966.

Section 12 of the ordinance provides, upon conviction, a fine of not more than $500, or imprisonment for not more than six months, or both, for each offense, and allows the city five years in which to commence prosecution for failure to pay a city income tax.

The defendant has filed a motion to dismiss Cases Nos. 107838-39-40-41, claiming that on the face of the record these four actions were not commenced within the limitations of time set forth in Section 1905.33, Revised Code, which states in part, "prosecution for the commission of any offense made punishable by any ordinance of any municipal corporation, shall be commenced within one year after the violation of the ordinance or commission of the offense."

All the affidavits were signed on October 20, 1967. In case No. 107838, the defendant allegedly failed to pay the tax for the year 1963, which was due and payable on April 30, 1964. In case No. 107839 the defendant allegedly failed to pay the tax for the year 1965, which was due and payable on April 30, 1966. In case No. 107840, the defendant allegedly failed to pay the tax for the year 1962, which was due and payable on April 30, 1963, and in case No. 107841 the defendant allegedly failed to pay the tax for the year 1964 due and payable on April 30, 1965.

The controlling dates in these four cases are October 20, 1967, and April 30, 1963-1964-1965, and 1966.

It is clear to the court that in these four cases action was not commenced within one year after the alleged violation. To come within the requirements of Section 1905.33, Revised Code, each action would have had to commence no later than April 30 of the year succeeding the one in which the tax was due and payable.

The court recognizes that the City of Cincinnati Income Tax Ordinance in Section 12, sub-paragraph B, has provided for a five-year period within which to commence

an action, but this court feels this section is unconstitutional as being in conflict with Section 1905.33, Revised Code. This court relies upon the case of *Akron* v. *Smith,* 14 Ohio St. 2d 247, decided May 29, 1968, wherein the Supreme Court of Ohio sustained a demurrer to an action brought under an Income Tax Ordinance of the city of Akron, Ohio. In the *Smith case* there was a 10-year statute of limitation for failure to file a city income tax return, the same limitation as set forth in Section 12, sub-paragraph B, of the City of Cincinnati Income Tax Ordinance. The Supreme Court of Ohio in the *Smith case* quoted *State, ex rel. Ramey,* v. *Davis,* 119 Ohio St. 596, which states:

"1. The sovereignty of the state in respect to its courts extends over all the state, including municipalities whether governed by charter or general laws.

"2. None of the various provisions of Article XVIII of the Constitution of Ohio are effective to abridge the sovereignty of the state over municipalities in respect to its courts."

The *Smith* case concludes by stating, "Thus the General Assembly may limit the time within which an action may be brought in the courts of this state, even where such action is based upon a municipal ordinance. It follows that such an ordinance may not provide for bringing such an action during a period of time greater than the limitation so specified by the General Assembly."

This leaves for consideration case No. 107842. This affidavit was signed on October 20, 1967, alleging failure to pay the tax for the year 1966 when it became due and payable on April 30, 1967. The defendant has filed a motion to quash this affidavit claiming that Section 12 violates Section 15, Article I of the Ohio Constitution which provides, "No person shall be imprisoned for debt in any civil action, on mesne of final process, unless in case of fraud."

The court in considering this matter recognizes that under the income tax ordinance of the city of Cincinnati, the Tax Commissioner is empowered to adopt, promulgate, and enforce rules and regulations authorized or required by the income tax ordinance relating to any matter or

thing pertaining to the collection and payment of taxes and the administration and enforcement of the provisions of the income tax ordinance. Pursuant to this authority, the tax commissioner has adopted rules and regulations which the court feels must be interpreted as being an intricate part of the law, since these rules and regulations constitute the guidelines for operation by the personnel of the income tax department. It should be pointed out that the numbers of the main sections in the rules and regulations and in the ordinance correspond, and the headings of the main sections are identical.

Section 12 of the ordinance is captioned, "Violations-Penalties." Article 12 in the rules and regulations is likewise captioned, "Violations-Penalties." They read identically and provide for confinement.

Section 11 of the ordinance is captioned, "Collection of Unpaid Taxes and Refunds of Overpayments." Sub-section A reads, "*all taxes imposed by this ordinance shall be collectible,* together with any interest and penalty thereon, by suit *as other debts* of like amount are recoverable."

Article 11 of the rules and regulations is also captioned, "Collection of Unpaid Taxes and Refund of Overpayments," sub-section A is captioned, "Unpaid Sums—A Civil Debt," subheading 1 reads: "*All taxes imposed by the ordinance and not paid when due become,* together with interest and penalty thereon, *a debt* due the city from the taxpayer and are recoverable as are other debts by civil suit."

The defendant in his argument recognizes the long standing position taken by courts at every level that, generally speaking, taxes are not debts within the meaning of the constitutional prohibition against imprisonment for debt. The defendant appears willing to admit that as a general rule a tax is not regarded as a debt, but rather an impost levied by a sovereign power creating an involuntary obligation, which is clearly distinguishable from the obligation created by voluntary contract, more commonly known as a civil debt.

The defendant, however, argues that this general rule can be obviated by specific acts of a legislative body in

transforming a tax into a debt, and the defendant argues that the city of Cincinnati in writing the income tax ordinance, as well as adopting rules and regulations applicable thereto, have in essence, by legislative procedure, transformed a tax into a debt. The defendant argues further that, having once converted the nature of the obligation, the legislative authority is then bound by constitutional prohibition.

The prosecution argues that, "defendant's argument is ingenious, and the somewhat inept wording of the ordinance does lend the argument a certain amount of persuasiveness. However, the ordinance simply does not have that effect. There is a decided difference between saying that an obligation is a debt and saying that it may be collected in the same manner that a debt may be collected. The legislation which creates a tax obligation may also provide for the means of collecting it, and it may provide that it may be collected by an action in the nature of debt, without changing the nature of the obligation itself to that of a debt."

This court therefore comes to a consideration of, first, whether a tax can be made a debt by legislative act, and if so, has the city of Cincinnati, being a legislative body, done so with the city income tax provisions.

This court recognizes the case of *Voelkel* v. *City of Cincinnati*, 112 Ohio St. 374, decided April 21, 1925, wherein the Supreme Court of Ohio stated what is the generally accepted principle of law on this issue when it said: "The provisions of an ordinance making the nonpayment of an excise tax, levied in pursuance to such ordinance, a misdemeanor and upon conviction, imposing a fine of not less than $5 nor more than $100, are not in violation of Section 15 of Article I of the Constitution of Ohio, no person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud." The court at page 377 quotes 26 Ruling Case Law, Section 340, page 384, as follows: "Inasmuch as a tax is not a debt, the right to arrest for nonpayment of a tax is not taken away by constitutional or statutory provision abolishing or prohibiting imprisonment for debt."

This court feels that the *Voelkel case* is distinguishable from the instant case on two points. First the ordinance being interpreted in the *Voelkel case* did not provide for confinement, but rather for a fine only. Clearly, the question of denying a person's liberty because of failure to pay an impost of a sovereign power must be characterized separate and apart from an ordinance which provides for a fine only. A second and more significant distinguishing characteristic in the *Voelkel case* is simply that it did not deal with the issue of whether a legislative body can transform a tax into a debt by legislative edict. This unique issue was never presented to the court in the *Voelkel case*. Therefore, we must move on to a further analysis of the question.

This court is drawn strongly to a consideration of the well written opinion in *The State, ex rel. Hostetter, Appellee,* v. *Hunt et al., Executors et al, Appellant,* 132 Ohio St. 568 decided June 30, 1937, twelve years after the *Voelkel case*. The interesting feature of this later case is that the taxpayers, executors of an estate sought to have the court rule that a *tax is not a debt* since the gist of the action was a taxpayer's suit to force the executors to pay certain intangible property taxes. In this case, the executors argued that a tax was not a debt and therefore should not be collectible. However, the court reasoning at page 572 is quoted as saying: ''The word debt is defined as a sum of money due by certain and express agreement. Debt is also therein defined as all that is due a man under any form of obligation or promise. While a tax may not be a debt due the county by certain and express agreement between the parties, it is money due under a much stronger obligation. A tax is a liability created by statute. *Board of County Commissioners of Custer County* v. *Storey,* 26 Mont. 517, 69 P. 56. In that sense, a tax is money due under a much more compelling compact than any mere agreement between the parties, for the reason that taxes are generally preferred over all other claims. However, we need go no further than the Probate Code to learn that in circumstances like those in the case at bar, *a tax is made a debt in Ohio.* Section 10509-81, General Code, reads in part

as follows: "Taxes or penalties lawfully placed on a duplicate or added by the county auditor or the tax commission of Ohio because of a failure to make a return, or of making a false or incomplete return for taxation, shall be a debt of the decedent." Section 2117.18, Revised Code, the successor statute, reads virtually the same and in part as follows: "*Taxes* or penalties placed on a duplicate or added by the county auditor or the tax commissioner because of a failure to make a return, or because of a false or incomplete return for taxation *shall be a debt* of a decedent and have the same priority and be paid as other taxes."

The principle that the Legislature can make a tax a debt is referred to in 51 Ohio Jurisprudence 2d, Taxation, Section 5, wherein it states, "and it is to be noted that statutes may specifically make taxes a debt." This section cites the case of *State, ex rel. Hostetter*, v. *Hunt* for the proposition.

Recognizing this narrow but valid distinction from the general rule, we now turn to the city of Cincinnati income tax ordinance and rules and regulations to determine whether this legislative body has seen fit to make a tax a debt. As quoted before, Section 11, subparagraph A, of the ordinance says, "all taxes * * * shall be collectible * * * by suit as other debts." This, together with Article 11 of the rules and regulations, subsection A-1, which reads, "All taxes * * * become * * * a debt," leads the court to the only conclusion which seems apparent from a total reading of the ordinance and rules and regulations, and that is the legislative body intended to create a debt once the tax liability is determined. If this conclusion is a proper interpretation of the reading, then there can be no disagreement on the issue of constitutionality of Article 12 of the rules and Section 12 of the ordinance, providing for imprisonment of not more than six months.

This country long ago came to the immutable position that confining people for the failure to pay a debt was cruel and inhuman treatment and had no place in the fiber of our Republic. No court can deviate from this principle of human decency. This court can do no less than reiterate the well-founded position so clearly established.

236

Therefore the court concludes that Section 12 of the ordinance and Article 12 of the rules and regulations are unconstitutional in their present form. The court states, however, that this decision is in no way intended to affect the constitutionality of any other portion of either the rules and regulations or ordinance dealing with the imposition of an income tax and further affirms that this decision is not intended to affect the sovereign power's right to recover taxes in the same manner otherwise provided for the collection of any civil obligation.

The five charges are therefore dismissed.