■ BRUCE BRODSKY et al., Respondents, v SELDEN SANITARY CORP. et al., Appellants. — In an action, *inter alia,* to declare that the 1977 sewer rates charged by defendant Selden Sanitary Corp. were illegally adopted, defendants appeal from an order of the Supreme Court, Suffolk County, dated April 15, 1980, which denied their motion to dismiss the complaint for failure to join the Suffolk County Sewer Agency as a necessary party, or for an order directing that said agency be added as a party defendant. Order affirmed, without costs or disbursements. In 1976 Selden Sanitary Corp. brought an action against the Town of Brookhaven and the Suffolk County Sewer Agency to declare that its proposed sewer rates were fair and reasonable (see Transportation Corporations Law, § 121). An interim order was granted, tentatively establishing the 1977 annual sewer rates until final disposition or agreement among the parties. In 1978 Selden, the Town of Brookhaven and the Suffolk County Sewer Agency stipulated to a discontinuance of the action and adopted the rates in the interim order as the annual sewer rates to be charged by Selden to its customers for 1977. The stipulation at issue discontinuing the rate case, was a condition of the contract subsequently entered into between Selden and the sewer agency for the purchase of Selden's sewer system. Plaintiffs brought this action as class representatives of Selden's customers, to declare that the 1977 rate was illegally adopted. Plaintiffs claim that the Town of Brookhaven violated local law in stipulating to a final rate increase without holding public hearings (see Brookhaven Town Code, ch 100 [Local Laws, 1968, No. 3 of Town of Brookhaven]). Plaintiffs' complaint does not allege any wrongdoing by the sewer agency and plaintiffs admit the sewer agency was empowered to stipulate to a rate increase. The gravamen of plaintiffs' claim is the adoption by the town of the 1977 sewer rates without holding public hearings. It is clear that the sewer agency is not a necessary party to a complete resolution of this action, as neither its past conduct, nor its future actions can undermine a final judgment in this action (see *City of New York v Long Is. Airports Limousine Serv. Corp.,* 48 NY2d 469). Nor can it be asserted that a judicial determination declaring the 1977 rates illegal would inequitably affect the sewer agency (see *Russell v City of New York,* 22 AD2d 706). Such a finding would not present a challenge to the powers

exercised or exercisable by the sewer agency. (Compare *City of New York v Long Is. Airports Limousine Serv. Corp., supra,* with *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, on rearg 25 NY2d 692.) A judgment in favor of plaintiffs would not require a conclusion that the sewer agency is liable to Selden for breach of the sales agreement. The agency's contract liability can only be considered a remote possibility (see *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 282-283). Under the facts presented, the agency is not necessary to a complete resolution and will not be inequitably affected by any possible judgment. Accordingly, the order of Special Term should be affirmed. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.